Sidney Dale **ALEXANDER, Jr., et al.,**
Plaintiffs,

v.

**MISSOURI–KANSAS–TEXAS RAIL-ROAD COMPANY, a corporation,**
Defendant (two cases).

Sidney Dale **ALEXANDER, Jr., Plaintiff,**

v.

**MISSOURI–KANSAS–TEXAS RAIL-ROAD COMPANY, a corporation,**
Defendant.

Civ. A. Nos. 1803–1805.

United States District Court
W. D. Missouri,
Southwestern Division.

Oct. 1, 1963.

Foust & Lyons, by Max W. Foust and Russell D. Jacobson, Kansas City, Mo., Lloyd Alvey, Kansas City, Kan., for plaintiffs.

Ewing, Ewing, Ewing, Carter & Wight, by Lynn M. Ewing, Jr., Nevada, Mo., McReynolds, Flanigan & Flanigan, by John H. Flanigan, Jr., Carthage, Mo., for defendant

BECKER, District Judge.

By an order previously entered in each of these causes on June 26, 1963, defend-

ant's request for leave to amend its petition for removal to allege its principal place of business was denied and each of these causes was ordered remanded to the Circuit Court of Vernon County, Missouri. The issue of defendant's right to amend its petition for removal after expiration of the twenty day period within which to file said petition was not resolved since the order was based upon the allegations of proposed amended petition for removal that the plaintiffs were citizens of Missouri and that the defendant was a Missouri corporation.

After the entry of the order of June 26, 1963, counsel for the defendant notified the Court by letter that the allegation that the defendant was a Missouri corporation was a result of inadvertence, and a misunderstanding by the secretary who typed the proposed amended petition and that, in fact, the defendant was a Delaware corporation.

The Court then entered its order of July 13, 1963, vacating and setting aside the order of June 26, 1963, which order had remanded these causes to the Circuit Court of Vernon County, Missouri, and granting defendant leave to submit a corrected proposed amended petition for removal. The defendant has submitted such an amended petition showing the requisite diversity of citizenship.

The question now before the Court is whether or not the defendant should be granted leave to file an amended petition for removal after the expiration of the twenty day period for filing a removal petition in order to allege the defendant's principal place of business. There is a sharp conflict of authorities on this question.

Leave to amend was granted in the following cases: Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co. (C.A.5) 288 F.2d 349, cert. denied, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77; Goforth v. Allstate Ins. Co. (W.D.N.C.) 213 F.Supp. 595; Park v. Hopkins (S.D.Ind.) 179 F.Supp. 671. Leave to amend was denied in the following cases: Carlton Properties, Inc. v. Crescent City Leasing Corp. (E.D.Pa.) 212 F.Supp. 370; Young v.

Railway Express Agency, Inc. (W.D.Ky.) 209 F.Supp. 953; Eubanks v. Krispy Kreme Donut Co. (E.D.Tenn.) 208 F. Supp. 479; Evans-Hailey Co. v. Crane Co. (M.D.Tenn.) 207 F.Supp. 193; F & L Drug Corp. v. American Central Ins. Co. (D.Conn.) 200 F.Supp. 718; Browne v. Hartford Fire Ins. Co. (N.D.Ill.) 168 F.Supp. 796.

The strict rule against allowing amendment found in some of the cases is out of line with the general liberal concepts of procedure calculated to ascertain truth and to eliminate technicalities. It is, however, in keeping with the policy of strict construction in favor of state court jurisdiction. The reasons supporting the rule of strict construction in favor of state court jurisdiction are fully discussed in Young Spring & Wire Corp. v. American Guarantee & Liability Co. (W.D.Mo.), 220 F.Supp. 222.

Ordinarily the general rule of strict construction in favor of state court jurisdiction would be followed. This rule requires that doubtful matters, such as defendant's right to amend the petition for removal in these causes, be resolved in favor of state court jurisdiction, and the leave to amend denied, unless exceptional circumstances exist.

In these causes exceptional circumstances do exist which justify the granting of leave to amend. Counsel for the defendant was under extraordinary pressure as a result of his service in the state legislature, in the public interest, at the time that a technical error was made in the petition for removal.

Because of this exceptional circumstance the Court will not follow the rule of the cases applying the rule of strict construction and refusing leave to amend the petition for removal after the expiration of the twenty day removal period. Leave will be granted to the defendant to file the corrected amended petitions for removal which have been submitted to the Court, and the plaintiffs' motions to remand will be overruled. It is therefore

Ordered that the defendant be, and it is hereby, granted leave to file its correct-

ed amended petitions for removal previously submitted to the Court. It is further

Ordered that plaintiffs' motions to remand these causes to the Circuit Court of Vernon County, Missouri, be, and the same are hereby, overruled.