Virginia **CHAPMAN**, Plaintiff,

v.

**OZARK FOREST PRODUCTS, INC.,** et al., Defendants.

Civ. A. No. 15253–3.

United States District Court
W. D. Missouri, W. D.

Oct. 12, 1965.

Dale Beal, of Beal & Van Buskirk, Robert L. Shirkey, Kansas City, Mo., for plaintiff.

Stephen B. Millin, of Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., for defendants.

BECKER, Chief Judge.

This action for damages for personal injuries was instituted in the Circuit Court of Jackson County, Missouri, at Independence. The defendants Ozark Forest Products, Inc. ("Ozark" hereinafter) and Jabe Pierce, an individual, removed to this Court alleging diversity of citizenship.

An examination of the file in this cause prior to trial reveals the petition for removal fails to comply with Section 1446 of Title 28 U.S.C. The defendants neglected to aver the principal place of business of defendant Ozark.

The material portions of the petition for removal, paragraphs Nos. 1, 2, and 4, are as follows:

"1. Your petitioner Ozark Forest Products, Inc., is a corporation organized and existing under the laws of the State of Arkansas, and is a citizen of that state; your petitioner Jabe Pierce is a citizen of the State of Arkansas, residing in Fayetteville, Arkansas.

"2. Plaintiff, Virginia Chapman, is a citizen of the State of Missouri, residing in Kansas City, Missouri."

"4. This controversy is wholly between citizens of separate states, the defendants being citizens of the State of Arkansas, and plaintiff being a citizen of the State of Missouri, and the amount in controversy, $75,000.00, is greatly in excess of $10,000.00, exclusive of interest and costs, and the action of plaintiff therefore is of such nature as would give this court jurisdiction. This petition for removal is filed within twenty days after the filing of said amended petition and within the time fixed by the rules of the local court in which to plead or answer thereto."

The material paragraphs contain no statement that defendant Ozark may not be deemed a citizen of Missouri under paragraph (c), Section 1332 of Title 28 U.S.C. Under that paragraph a corporation shall be deemed a citizen of the State by which it has been incorporated *and of the State where it has its principal place of business*. If defendant Ozark's principal place of business is in Missouri, the complete diversity of citizenship required by Section 1332 for federal jurisdiction is not present in this cause. 1A Moore, Federal Practice ¶ 0.161 [1], p. 522.

A petition for removal under Section 1446 of Title 28 U.S.C., must contain averments of fact showing removability. No averment essential to jurisdiction should be omitted. 1A Moore, Federal Practice ¶ 0.168 [3.—4], p. 1201. The failure to aver defendant Ozark's principal place of business renders the petition for removal defective.

■ "A corporate defendant, removing on the basis of diversity, should have to aver in its petition the state wherein it is incorporated and where it has its principal place of business." 1A Moore, Federal Practice ¶ 0.168 [3.—4] p. 1204, n. 1.

■ Because the right to amend the petition for removal terminated at the expiration of the time within which a removal petition could have been filed, the allegations of fact relating to jurisdiction may not now be supplemented or amended. Alexander v. Missouri-Kansas-Texas R. R. Co. (W.D.Mo.) 221 F. Supp. 897; Wright, Federal Courts, § 40, p. 123, n. 32. The Alexander case collects the conflicting authorities on this issue at page 898 of 221 F.Supp., after which it is stated:

> "The strict rule against allowing amendment found in some of the cases is out of line with the general liberal concepts of procedure calculated to ascertain truth and to eliminate technicalities. It is, however, in keeping with the policy of strict construction in favor of state court jurisdiction. The reasons supporting the rule of strict construction in favor of state court jurisdiction are fully discussed in Young Spring & Wire Corp. v. American Guarantee & Liability Co. (W.D.Mo.), 220 F. Supp. 222.

> "Ordinarily the general rule of strict construction in favor of state court jurisdiction would be followed. This rule requires that doubtful matters, such as defendant's right to amend the petition for removal in these causes, be resolved in favor of state court jurisdiction, and the leave to amend denied, unless exceptional circumstances exist."

In Wright, Federal Courts, supra, the rule is stated as follows: "A numerical majority of the cases refuse to allow amendment, after expiration of the 20 days to show the principal place of business * * *."

■■ If this cause were to proceed to trial in this Court, and if the outcome were to be unfavorable to the removing defendants, they would not be precluded from questioning federal jurisdiction on appeal. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Furthermore, the courts of appeals after trial, as well as the trial courts may remand a case on their own initiative. Colorado Life Co. v. Steele (C.A.8) 95 F.2d 535; cf. Ringsby Truck Lines, Inc. v. Beardsley (C.A.8) 331 F.2d 14.

The petition for removal is not sufficient to invoke federal jurisdiction, and may not now be corrected by amendment. It is therefore

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri, at Independence. It is further

Ordered that the costs in this Court be paid by the defendants.