**Ila Janice MATTESON, Plaintiff,**

v.

**Robert BRESETTE et al., Defendants.**

No. 15653-2.

United States District Court
W. D. Missouri, W. D.

Feb. 24, 1966.

Stanford A. Zeldin, of Quinn, Peebles & Hickman, K. I. Grissinger, Kansas City, Mo., for plaintiff.

Robert J. Sanders, of Strubinger & MacElhern, Thos. E. Deacy, of Deacy & Deacy, Kansas City, Mo., for defendants.

COLLINSON, District Judge.

Plaintiff's petition was filed in the Circuit Court of Jackson County, Missouri, against an individual and a corporate defendant on July 30, 1965. That petition alleged the residence of all of the parties, but no mention is made of their citizenship.

On August 20, 1965, the corporate defendant filed a petition for removal with this court as provided in § 1446 Title 28 United States Code. That petition states that this is a controversy between parties of different states and that the amount in controversy, exclusive of interest and costs, exceeds $10,000 and thus the Court would have had original jurisdiction under § 1332 Title 28 United States Code. No service had been obtained on the individual defendant as of that time.

All allegations of citizenship in the removal petition are set out in the present tense, i. e.:

1. Petitioner *is* a Delaware Corporation and a citizen of the State of Delaware with its principal place of business *being* located in New York, New York.

2. Defendant Robert Bresette, an individual *is* a citizen and resident of the State of California.

3. Plaintiff Ila Janice Matteson, an individual *is* a citizen and resident of the State of Missouri.

We can not find any allegation of citizenship of any party in any pleading, petition, or motion indicating their status as of the time of the commencement of the action in the Circuit Court of Jackson County. That such diversity must be alleged to have existed both at the time of the commencement of the action as well as at the time of removal was made clear in Cline v. Belt, 43 F. Supp. 538 (E.D.Ky.1942) in which a motion to permit amendment of the removal petition was denied and the case was remanded for this very defect in the removal petition. In Accord; Roseberry v. Fredell, 174 F.Supp. 937 (E.D.Ky.1959); Washington—E. Wash. Joint A. v. Roberts & Schaefer Co., 180 F.Supp. 15 (W. D.Pa.1960); Smith v. Dealers Transit, Inc., 239 F.Supp. 605 (E.D.Tenn.1965). For an excellent summary of the policy of strict construction against federal jurisdiction, see the opinion of Becker, J., in Young Spring and Wire Corp. v. American Guarantee & L. Ins. Co., 220 F.Supp. 222, 228 (W.D.Mo.1963). See generally on the showing of diversity of citizenship in removal petitions 2 Cyclopedia of Federal Procedure § 3.109 (3d ed. 1965); Wright, Federal Courts 114 (1963) and 1A Moore's Federal Practice ¶ 0.161 [1] particularly at 528 and ¶ 0.168 [3.–4] particularly at 1203 (2d ed. 1965).

Not finding the requisite allegations, we must determine that the Court is without jurisdiction and that this litigation was improvidently removed.

To avoid any question by the members of the Bar of this district in the future, all of the active judges of this court have examined and approved this order before its issuance.

Ordered, that this cause is remanded to the Circuit Court of Jackson County, Missouri, and that costs in this court be taxed to The Hertz Corporation, removing defendant.