Herman L. REID, James Q. Bryan and
Gratha Bryan, Appellants,

v.

FORD, BACON AND DAVIS CON-
STRUCTION CORPORATION,
Appellee.

No. 19286.

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1969.

Bernard Whetstone, Little Rock, Ark.,
for appellants.

John M. Shackleford, Jr., of Shackle-
ford & Shackleford, El Dorado, Ark.,
for appellee.

Before MATTHES, GIBSON and LAY,
Circuit Judges.

PER CURIAM:

Plaintiffs bring this action against
Ford, Bacon and Davis Construction
Corporation to recover a total of $85,000
arising out of injuries received by James
Q. Bryan. Bryan was injured in a bus
operated by Herman L. Reid in the scope
of his employment for the defendant.
Both Bryan and Reid were working for
defendant at the time of the accident.
Bryan and his wife obtained a default
judgment against Reid and now all three
seek damages on the admittedly novel
theory that the employer was negligent
in failing to provide Reid with liability
insurance which runs to the benefit of
a co-employee. Bryan could not sue Ford,
Bacon and Davis directly for his injury
by reason of the exclusive remedy pro-
vided by the Workmen's Compensation
Laws. Ark.Stat.Ann. § 81–1304 (1947).

The merits of the case turn on
Arkansas law. The case was originally
brought in state court and the defendant
removed it to federal district court.
Thereafter the district court sustained a
motion to dismiss the case on its merits
and the plaintiffs appealed. We do not
pass upon the propriety of the district
court's ruling, since we find that the
federal courts lack jurisdiction on the
face of the pleadings. Even though the
question is not raised by the parties, at
the threshold of any case is the question
of our limited power to entertain a suit.
Rock Island Millwork Co. v. Hedges-

862

Gough Lumber Co., 337 F.2d 24 (8 Cir. 1964).

In order to remove an action under Title 28 U.S.C. § 1441(a), it must be demonstrated that the action could otherwise have originally been commenced in the federal district court. Title 28 U.S.C. § 1332, requires that *all* of the plaintiffs have diversity of citizenship with the defendant corporation.

The original complaint alleges that plaintiff Reid is a citizen of the State of Louisiana and that the defendant corporation "is a corporation organized and existing by virtue of the laws of the State of Louisiana with its principal office being located at 3901 Jackson, Monroe, Louisiana." In defendant's petition for removal, it is alleged that "petitioner, Ford, Bacon and Davis Construction Corporation, is a corporation organized and existing by virtue of the laws of the State of New York."

The problem exists that defendant has not demonstrated complete diversity of citizenship. Although defendant corporation has alleged it is "organized and existing" by virtue of the laws of New York, plaintiffs' allegation that defendant's "principal office [is] located at 3901 Jackson, Monroe, Louisiana" still remains uncontroverted. Under § 1332 the defendant corporation at the time of removal is "deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." (Emphasis ours.) This being so, it is uncontroverted that plaintiff Reid and the defendant were citizens of the same state. As has been authoritatively written: "A corporate defendant, removing on the basis of diversity, should have to aver in its petition the state wherein it is incorporated and where it has its principal place of business." 1A Moore, Federal Practice, ¶ 0.168[3.–4] at 1204 (2d ed. 1965). See also Chapman v. Ozark Forest Prods. Inc., 246 F.Supp. 816 (W.D.Mo.1965); F & L Drug Corp. v. American Central Ins. Co., 200 F.Supp. 718 (D.Conn. 1961). Here the defendant not only failed to make such proper allegation, but we are confronted with plaintiffs' pleadings which state to the contrary.

The judgment is reversed for lack of jurisdiction, with directions to vacate the dismissal and to remand the case to the state district court.