**WILLIAM KALIVAS CONSTRUCTION CO., Inc., Plaintiff,**

v.

**VENT CONTROL OF KANSAS CITY, INC., and Keller Industries, Inc., Defendants.**

Civ. A. No. 18800-3.

United States District Court,
W. D. Missouri, W. D.

Nov. 10, 1970.

John G. Crighton, North Kansas City, Mo., for plaintiff.

Bernard D. Craig, Jr., Levy & Craig, Kansas City, Mo., for defendants.

## ORDER REMANDING CAUSE TO CIRCUIT COURT OF JACKSON COUNTY

WILLIAM H. BECKER, Chief Judge.

This is an action sounding in fraud which plaintiff filed in the Circuit Court of Jackson County, alleging that defendants defrauded plaintiff in representing certain quantities of carpet purchased from them by plaintiff to be 100% virgin nylon, when they were not. On October 1, 1970, service was obtained on defendants. On October 30, 1970, defendants filed their petition for removal of this cause from the Circuit Court of Jackson County to this Court, basing jurisdiction of this Court on the following allegations:

> "The above described action is a civil action under the provisions of Title 28, United States Code, Section 1332 and is one which may be removed to this Court by the Petitioners, defendants therein, pursuant to the provisions of Title 28, United States Code, Section 1441, in that petitioners are foreign corporations, i. e., Florida corporations, and Respondent is a domestic corporation, i. e., a Missouri corporation and accordingly a diversity of citizenship exists and the amount in controversy exceeds $10,000."

It appears that the controversy exceeds $10,000.00, exclusive of interests and costs, inasmuch as plaintiff has prayed for actual damages of $38,839.00 and punitive damages in the sum of $100,000.-00. The petition does not otherwise contain a sufficient statement of diversity of citizenship, however. In Chapman v. Ozark Forest Products, Inc. (W.D.Mo.) 246 F.Supp. 816, this Court held that a petition for removal must contain a plain statement of the principal place of business of a corporate party:

> "The material paragraphs contain no statement that defendant Ozark may not be deemed a citizen of Missouri under paragraph (c), Section 1332 of Title 28 U.S.C. Under that paragraph a corporation shall be deemed a citizen of the State by which it has been incorporated *and of the State where it has its principal place of business*. If defendant Ozark's principal place of business is in Missouri, the complete diversity of citizenship required by Section 1332 for federal jurisdiction is not present in this cause. 1A Moore, Federal Practice ¶ 0.161[1], p. 522." (Emphasis in original.) 246 F.Supp. at 817.

The effect of the failure to state the principal places of business of any of the three corporate parties in the case at bar offers more possibilities that diversity of citizenship did not exist in this case at the time of the filing of the petition in state court nor at the time of the filing of the petition for removal. Removal petitions must allege the citizenship of the parties at the time the actions were commenced and at the time of removal in order to invoke federal jurisdiction under the removal statute, and the necessary allegations of citizenship cannot be supplied by inference. Matteson v. Bresette (W.D.Mo.) 250 F.Supp. 646. Thus, plaintiff may well have a principal place of business which is in the same state as that of defendant Vent Control of Kansas City, Inc. or which is in the same state as that of defendant Keller Industries, Inc. In either case, diversity of citizenship would not exist. The Court notes that almost immediately after filing the petition for removal, defendant Keller Industries, Inc., filed a motion in this Court to dismiss for lack of personal jurisdiction, stating that its non-citizenship of Missouri has been ad-

judicated by a prior case in this Court involving the same parties. But that is not conclusive in this case, when it is citizenship at the time of the filing of the petition in the state court and at the time of the filing of the petition for removal which is controlling. Matteson v. Bresette, *supra*. Even if that party is not a citizen of Missouri, however, it could not, on the allegations of the petition for removal, be concluded that the state of its principal place of business would be necessarily different from that of plaintiff, which is not stated, either. And, further, as noted above, even if it could be inferred that defendant Keller Industries, Inc., has a different principal place of business location than plaintiff, the same nowhere appears in the pleadings or motions with respect to the other defendant.

Further, at this stage of the case, amendment of the petition for removal should not be permitted. In Wright, Federal Courts, 2d ed., § 40, p. 144, it is said:

> "Prior to the expiration of the 30-day period for removal, the petition may be freely amended, but the cases say that thereafter it can be amended to state more specifically a ground for removal which is already imperfectly stated \* \* \*. A numerical majority of the cases refuse to allow amendment, after expiration of the 30 days, to show principal place of business \* \* \*."

In the case at bar, the time for removal has already passed. The necessary allegations of citizenship of the parties are absent.

 The rule of strict construction in favor of state court jurisdiction is followed in this Court. See Young Spring & Wire Corp. v. American Guarantee & L. Ins. Co. (W.D.Mo.) 220 F.Supp. 222; Alexander v. Missouri-Kansas-Texas R. R. Co. (W.D.Mo.) 221 F.Supp. 897. In the latter case it was stated:

> "Ordinarily the general rule of strict construction in favor of state court jurisdiction would be followed. This

rule requires that doubtful matters, such as defendant's right to amend the petition for removal in these cases, be resolved in favor of state court jurisdiction, and the leave to amend denied, unless exceptional circumstances exist." 221 F.Supp. at 898.

While the Court may possess the power to permit amendment, under the principles agreed to by all the judges of the Court, amendment should not be permitted.

If amendment were allowed and the cause permitted to proceed to trial in this Court, the defendants would not be precluded from challenging an unfavorable judgment on appeal by questioning federal jurisdiction in the Court of Appeals. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. This possibility is another good reason for remanding this case.

For the foregoing reasons, this cause must be remanded to the Circuit Court of Jackson County. It is therefore

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County.