**CAST–A–STONE PRODUCTS OF SOUTH CAROLINA, INC., Plaintiff,**

v.

**AETNA CASUALTY & SURETY CO., Defendant.**

Civ. A. No. 73–568.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 14, 1974.

W. Duval Spruill, of Turner, Padget, Graham & Laney, Columbia, S. C., for plaintiff.

Henry H. Taylor, of Whaley, Mc-Cutchen, Blanton & Dent, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).

On September 28, 1973, defendant moved this court for an order dismissing plaintiff's action on the ground that the court lacks jurisdiction over the subject matter of this diversity lawsuit because the amount actually in controversy is less than $10,000, exclusive of interest and costs. The motion was argued August 6, 1974 and now comes on for decision.

## STATEMENT OF FACTS

Plaintiff filed its complaint on June 1, 1973, alleging that, pursuant to a writ-

ten subcontract, plaintiff supplied materials and labor in construction of a building, designated as the Health Center, on the property of the University of South Carolina, Columbia, South Carolina. The complaint states plaintiff has made demand for payment from the prime contractor, Raymond H. Elliott, but that payment of the amount due has been refused. Further allegations charge that defendant, as surety, promised by way of a written performance bond, that the obligations of the prime contractor with respect to payment for materials and labor would be met; that defendant has failed to provide for payment of the amount due.

The subcontract shows that the total sum due to plaintiff for the performance of its work was $72,000.00. As shown by cancelled checks issued by the prime contractor as progress payments, plaintiff has received the total sum of $62,400 at the time of the commencement of this action. Therefore, there is no dispute that $9,600.00 was the maximum possible amount due to plaintiff under its subcontract at the commencement of this action, assuming that full final payment was due to plaintiff at that time.

Plaintiff insists that, at the prime contractor's request, it furnished labor and materials in the amount of $980.00 in connection with the construction, exclusive of the work and materials furnished pursuant to the written subcontract. Plaintiff further asserts that the alleged $980 due for the extras constitute a part of the amount in controversy in this action. There is no dispute that the prime contractor tendered to plaintiff a check in the amount of $980 on August 30, 1973 as full payment for the extras and plaintiff's counsel accepted the check on behalf of plaintiff.

Finally, plaintiff submits that it is suing for a reasonable attorney's fee

which is recoverable pursuant to the provisions of the subcontract between plaintiff and the prime contractor. While this amount is not now liquidated, it will exceed $400.00 if full recovery is allowed.

Thus, plaintiff contends, the amount in controversy at the time of filing the complaint consisted of $9,600 under the subcontract, $980 for extras, and an attorney's fee. Defendant admits that $9,600 is an amount in controversy but denies the same as to the $980 and as to the reasonable attorney's fee. If either of these claims are found by this court to constitute an amount in controversy, the jurisdictional amount of $10,-000, required by 28 U.S.C. § 1332(a)(1),[1] is satisfied.

## ISSUES

I. May the amount of extras, outside the subcontract in dispute and paid for after the complaint was filed, enter into the calculations for determining whether the requisite jurisdictional amount in controversy was satisfied at the time of filing the complaint?

II. May the amount of an unliquidated reasonable attorney's fee, sought for bringing the present lawsuit pursuant to a provision of the subcontract, enter into the calculations for determining whether the requisite jurisdictional amount in controversy was satisfied at the time of filing the complaint?

III. Is it a legal certainty that plaintiff cannot recover an amount equal to or exceeding the requisite jurisdictional amount in controversy?

## EXTRAS

A cursory reading of the complaint in this action reveals that plaintiff's claim is based only upon amounts allegedly due under its written subcontract with the prime contractor. No claim for damages based on a separate and independ-

---

1. 28 U.S.C. § 1332(a)(1) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between . . . citizens of different states. . . .

ent contract for extras appears in the complaint.[2]

Moreover, plaintiff's counsel has accepted a check for this additional claim on August 30, 1973, before the motion to dismiss was filed by defendant on September 28, 1973 but after the complaint was filed by plaintiff on June 1, 1973.

 The court finds that the amount due for extras is not contemplated by the complaint as an amount in controversy at the time of filing by plaintiff and therefore the claim for $980 for extras will not be considered in determining the requisite amount in controversy in this action. Therefore, cases to the effect that reduction by payment on the claim below the requisite amount does not deprive the court of jurisdiction are inapposite since the $980 here was never in controversy. E. g., Williams v. Employers Mutual Liability Ins. Co., 131 F.2d 601 (5th Cir. 1943); Nickelson v. Nestles Milk Products Corp., 107 F.2d 17 (5th Cir. 1939).

### ATTORNEY'S FEE

The subcontract between plaintiff and the prime contractor provides that, if the parties go to court over the provisions of the subcontract, the losing party will pay to the winning party a reasonable attorney's fee.[3]

There are numerous cases holding that, in a diversity of citizenship suit, attorneys' fees may be considered in calculating the requisite jurisdictional amount where the action is based on a state statute or a private contract. The latter is the situation existing here. For an example based on a state statute, see Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933).

Attorneys' fees are not requested *in vacuo* here and, indeed, an opposite re-

sult might be reached if such were the case. The court's research has failed to uncover any case dealing with such an issue.

 A reasonable attorney's fee, unliquidated at the time of filing a complaint, based on a private contract allowing such a fee to a successful party in the event of a lawsuit, is neither "interest" nor "costs" within the meaning of 28 U.S.C. § 1332(a)(1), supra, note 1, but is part of the "amount in controversy." Walker v. Paradise Taxicabs, Inc., 202 F.Supp. 469 (D.P.R.1962); Merrigan v. Metropolitan Life Ins. Co., 43 F.Supp. 209 (E.D.La.1942). There is no question that attorney's fees are not interest and it has been determined that the word "costs" refers to amounts taxable under acts of Congress and rules promulgated by its authority. Kansas City S. R. Co. v. Guardian Trust Co., 281 U.S. 1, 9, 50 S.Ct. 194, 74 L.Ed. 659 (1930).

### LEGAL CERTAINTY OF AMOUNT

 A complaint should not be dismissed for want of jurisdictional amount unless it appears to a legal certainty that plaintiff cannot recover an amount equal to or exceeding the statutory requirement. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898).

 The complaint in suit consists of a claim under the subcontract for a maximum of $9,600 and a reasonable attorney's fee. Thus, the amount in controversy in the present action is at least $10,000, exclusive of interest and costs.

---

2. The court suspects that plaintiff's counsel has asserted, as an afterthought, that the claim for extras was intended to be covered by the complaint as an aid in keeping its federal suit alive, even though the claim is now satisfied and no longer an issue, if it ever was such.

3. Such a fee would ordinarily amount to at least 10% of the amount recovered. If the entire $9,600 is awarded, a $960 fee would be reasonable if the attorney's representation has been competent.

Based on the complaint and the matters of record offered on this motion, it does *not* appear to a legal certainty that plaintiff *cannot* recover an amount in excess of $10,000.

Of course, if plaintiff is awarded any amount less than $10,000, defendant may move for an order imposing costs on plaintiff, pursuant to the court's authority under 28 U.S.C. § 1332(b).[4]

## CONCLUSION

Defendant's motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Federal Rule of Civil Procedure 12(b)(1), is denied.

And it is so ordered.

---

4. 28 U.S.C. § 1332(b) provides:

Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.