**KENTUCKY SOLAR ENERGY CONTROLS, INC., a Kentucky Corporation, Plaintiff,**

v.

**AMERICAN BORATE COMPANY, a Texas Corporation, Defendant.**

Civ. A. No. 78–167.

United States District Court, E. D. Kentucky.

Sept. 25, 1980.

R. Bruce Stith, Odell, Stith & LeMaster, Lexington, Ky., for plaintiff.

James S. Carroll, Carroll & Knippenberg, Lexington, Ky., John L. Weeks, Goldberg & Pedley, Louisville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

On October 19, 1978, American Borate Company, defendant, filed its original petition for removal of the instant case to federal court. Shortly thereafter, on October 27, 1978, defendant's amended petition for removal was filed. Both petitions were defective. They alleged diversity of citizenship as of the time of the request for removal, but failed to allege diversity as of the time of the commencement of the suit in state court. 28 U.S.C. Sections 1441, 1446.

An amendment to a petition for removal should be subject to the same requirements as those governing the amendment of any other pleading containing jurisdictional allegations. *Stanley Elec. Contractors v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980). Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

Kentucky Solar Energy Controls, Inc., plaintiff, has not shown that it would be prejudiced if this Court were to allow defendant to amend its amended petition for removal. There does not appear to be any genuine controversy that the parties in this action were of diverse citizenship, both at the time the action was commenced and at the time of removal. The Court finds no persuasive reason not to allow the filing of the second amended petition for removal.

There remains before the Court the plaintiff's motion for a protective order and the defendant's motion to compel discovery. These motions were referred to the United States Magistrate for a report and recommendation. See 28 U.S.C. Section 636(b)(1)(B). The report suggests that if the Court retains jurisdiction over the case,

the motion for a protective order should be sustained, and the motion to compel discovery should be overruled, without prejudice to the right of the defendant to file a subsequent similar motion upon evidence showing at least the possibility that variations in the controlled factors of the plaintiff's manufacturing process could have produced the defects which the plaintiff claims to result from the breach of the defendant's warranty as to the quantity of borate contained in the ulexite furnished by the defendant to the plaintiff. In view of the value of the formula trade secret, the process used to manufacture Fireguard, to Kentucky Solar Energy Controls, Inc., and the lack of evidence that the formula is directly relevant and necessary to defendant's position, the Magistrate's recommendation is appropriate. The report is adopted by the Court.

IT IS THEREFORE ORDERED:

(1) That the defendant's motion to file its Second Amended Petition for Removal is hereby GRANTED;

(2) That the plaintiff's motion for a protective order is hereby GRANTED;

(3) That the defendant's motion for a motion to compel discovery is hereby DENIED.