For all the above reasons, the Court grants the Board's motion for summary judgment.

**Linda K. ROBERTS, Plaintiff,**

v.

**PANHANDLE EASTERN PIPE LINE COMPANY, Defendant.**

**No. 90–0026–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

May 4, 1990.

Thomas W. Koelling, Koelling & Crawford, Kansas City, Mo., for plaintiff.

John B. Renick and James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., and Archangela M. DeSilva, Panhandle Eastern Pipe Line Co., Houston, Tex., for defendant.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED NOTICE OF REMOVAL

BARTLETT, District Judge.

Plaintiff has filed a Motion to Remand this case to the Circuit Court of Jackson County, Missouri. Defendant opposes plaintiff's motion and has filed a Motion for Leave to Amend Notice of Removal which plaintiff opposes.

This is an action originally filed in the Circuit Court of Jackson County, Missouri, in which plaintiff Linda K. Roberts alleges she was damaged by defendant Panhandle Eastern Pipe Line Company's unlawful employment practice and intentional infliction of emotional distress.

On or about December 14, 1989, service was obtained on defendant. On January 8, 1990, defendant filed its Notice of Removal of this action to this court. Defendant asserted the following jurisdictional basis for removing this case to federal court:

The above-described action is one of which this Court has original jurisdiction under the provisions of Title 28 U.S.C. § 1332, and is one which may be removed to this Court by the Petitioner, pursuant to the provisions of Title 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different states. The Plaintiff, Linda K. Roberts, at the time this action was commenced, was and still is a citizen of the State of Missouri; Petitioner Panhandle Eastern Pipe Line Company is a Delaware corporation with its principal place of business in Texas.

Notice of Removal at ¶ 3.

Plaintiff contends that defendant's Notice of Removal, particularly as set forth in ¶ 3, fails to state sufficient facts and allegations with which to confer jurisdiction on this court. Specifically, plaintiff asserts that defendant fails to plead the necessary jurisdictional grounds for diversity jurisdiction because defendant does not allege defendant's place of incorporation or principal place of business as of the date plaintiff filed her Petition in state court.

Defendant contends that the allegations contained in its notice are sufficient to satisfy the requirements of the removal statute, 28 U.S.C. § 1446. Defendant further argues that even if the allegations in its notice are insufficient to state proper grounds for removal, defendant should be permitted to file an Amended Notice of Removal under 28 U.S.C. § 1653 which provides that defective allegations of jurisdiction may be amended in the trial or appellate courts.

Title 28 U.S.C. § 1446, as amended in 1988, states in pertinent part:

(a) A defendant or defendants desiring to move any civil action or criminal prosecution from the state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of Federal Rules of Civil Procedure and containing a *short and plain statement* for the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

This court has previously held that:

Removal petitions must allege citizenship of the parties at the time the actions were commenced and at the time of removal in order to invoke federal jurisdiction under the removal statute, and the necessary allegations of citizenship cannot be supplied by inference.

*William Kalivas Const. Co. v. Vent Control of Kansas City*, 325 F.Supp. 1008, 1009 (W.D.Mo.1970) (citing *Matteson v. Bresette*, 250 F.Supp. 646 (W.D.Mo.1966)).

"[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

The Judicial Improvements and Access to Justice Act, effective November 19, 1988, amended 28 U.S.C. § 1446 and changed the title of the removal document from "Petition" for Removal to "Notice" of Removal. Defendant contends that this change sug-

gests that less detail is required in the pleading seeking removal. Therefore, defendant contends that because it referred to and attached to its Notice of Removal a copy of plaintiff's Petition, the allegations contained in plaintiff's Petition relevant to the citizenship of the parties are incorporated into its removal notice.

■ Even if I were to consider the allegations in plaintiff's Petition, defendant still fails to make the necessary allegations about defendant's citizenship. Plaintiff's Petition states that defendant was a Delaware corporation at the time the Petition was filed. In addition, plaintiff's Petition states that defendant's corporate headquarters was located in Houston, Texas, at the time the Petition was filed. However, no allegation exists as to defendant's principal place of business. Therefore, because the facts supporting federal jurisdiction must be alleged with particularity, plaintiff's state court Petition and defendant's Notice of Removal even when read together do not allege facts sufficient to support removal based on diversity jurisdiction.

■ Defendant requests leave to file an Amended Notice of Removal pursuant to 28 U.S.C. § 1653 in order to correct what it considers, at most, to be a technical defect.

Title 28 U.S.C. § 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In 1970, this court construed petitions for removal strictly and did not permit amendments to cure defective allegations of jurisdiction once the statutory period for removal had expired:

> "Ordinarily the general rule of strict construction in favor of state court jurisdiction would be followed. This rule requires that doubtful matters, such as defendant's right to amend the petition for removal in these cases be resolved in favor of state court jurisdiction, and leave to amend denied, unless exceptional circumstances exist."

*William Kalivas*, 325 F.Supp. at 1010 (quoting *Alexander v. Missouri–Kansas–Texas R.R. Co.*, 221 F.Supp. 897 (W.D.Mo. 1963)).

At the time *William Kalivas* was decided, strict construction of removal petitions and a reluctance to permit amendment was the majority rule:

> Prior to the expiration of the 30–day period for removal, the petition may be freely amended, but the cases say that thereafter it can be amended to state more specifically a ground for removal which is already imperfectly stated.... A numerical majority of the cases refuse to allow amendment, after expiration of the 30 days, to show principal place of business....

Wright, *Federal Courts*, 2d, § 40, p. 144 (quoted in *William Kalivas*, 325 F.Supp. at 1010.)

Within the past ten to 15 years, courts have allowed amendments to removal petitions to allege the principal place of business of a corporate party. *See Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566 (11th Cir.1984); *D.J. McDuffie, Inc. v. Old Reliable Fire Insurance*, 608 F.2d 145 (5th Cir.1979); *Stanley Elec. Contractors v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980).

Wright, in the third edition of *Federal Courts*, criticized the strict rule against amendments:

> Prior to the expiration of the 30–day period for removal, the petition may be freely amended, but the cases say that thereafter can be amended only to state more specifically a ground for removal which is already imperfectly stated. The application of this rule is not yet clearly settled where neither the complaint nor the petition allege the principal place of business of a corporate party.... Some cases refuse to allow amendment, after the expiration of the 30 days, to show the principal place of business, but the cases to the contrary, which allow such an amendment even on appeal, seem consistent with the general rule as to amendment just stated and with the statute permitting defective allegations of jurisdiction to be amended, upon terms in the trial or appellate courts.

Wright, *Federal Courts*, § 40 (3rd ed. 1976).

I agree with Wright and with the decisions that have departed from the strict no amendment rule. *See, e.g., Stanley Elec. Contractors v. Darin & Armstrong Co.,* 486 F.Supp. 769 (E.D.Ky.1980):

It must be made clear that this opinion is not to be construed as departing in any way from the precept that the *facts* giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to *amendments* to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.

This conclusion is unavoidable for many reasons. First and most important, the great weight of authority has shifted from the strict view to the liberal view in recent years and to achieve the goal of uniformity, it is now necessary that the liberal view be adopted. Indeed, modern statutes and rules of procedure seem to compel its adoption.

It is expressly provided by statute [28 U.S.C. § 1653]: 'Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' Further, F.R.Civ.P. 81(c) requires that the Federal Rules of Civil Procedure apply to the procedure in removed actions after removal. No reason appears why the liberal amendment provisions of Rule 15(a) should be excepted. That Rule provides that leave to amend 'shall be freely given when justice so requires.'

In the haste of meeting the relatively short time limits allowed for removal, all too many good lawyers have made technical errors causing their cases to be remanded, when jurisdiction and the right to remove did in fact exist.

So long as Congress provides for the removal jurisdiction, the lodestar of modern procedure, that procedural rules 'shall be construed to secure the just, speedy and inexpensive determination of every action,' requires that the same principles regarding amendments be applied to removal petitions as to any other pleading.

Not only does the technical construction in effect in days past cause serious adverse effects to attorneys and parties rightfully entitled to invoke the jurisdiction of the federal courts, but in some cases great and needless waste of judicial time and effort, real prejudice to the parties, and severe injustice results....

Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by the earlier cases hereinabove cited has been expressly criticized.

For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations....

*Id.* at 773 (footnotes omitted).

■ In this case, plaintiff has not persuaded me that she would be unfairly prejudiced by granting defendant leave to amend its Notice of Removal. Therefore, in accordance with the free amendment policy of the Federal Rules of Civil Procedure, defendant will be permitted to amend its Notice of Removal.

Accordingly, it is hereby ORDERED that:

1) plaintiff's Motion for Order Remanding Action to State Court is denied;

2) defendant's Motion for Leave to File Amended Notice of Removal is granted; and

3) the Clerk of the Court is directed to file defendant's Amended Notice of Removal.