**BUILDING ERECTION SERVICES COMPANY, INC., A Kansas Corporation, Plaintiff,**

v.

**The CECO CORPORATION, A Delaware Corporation, Defendant.**

**Civ. A. No. 90–2419–O.**

United States District Court, D. Kansas.

March 18, 1991.

Anthony J. Romano, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., Jeffrey B. Rosen, Bruce Beye, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., for plaintiff.

Donald C. Bollard, III, Sherman, Wickens & Lysaught, Leawood, Kan., S. Michael Thomas, Sherman, Wickens & Lysaught, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This breach of contract action was originally filed in the District Court of Wyandotte County, Kansas, and subsequently removed to this court by defendant pursuant to 28 U.S.C. § 1441. Now before the court is plaintiff's motion for remand. Plaintiff argues that remand is warranted because defendant has failed to satisfy its burden to establish subject matter jurisdiction, in that the amount in controversy does not exceed the statutory jurisdictional amount of $50,000, exclusive of interest and costs, required in diversity actions by 28 U.S.C. § 1332(a) (1988). For the following reasons, the court denies plaintiff's motion.

28 U.S.C. § 1332(a)(1) provides:

[T]he District Court shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different states....

In the instant case, it is undisputed that plaintiff seeks recovery of the sum of $42,020.61, plus attorneys' fees, for defendant's alleged breach of contract. It is also undisputed that plaintiff's claim for attorneys' fees is based upon a provision of the parties' contract at issue, which provides for recovery of attorneys' fees by the "prevailing party."

We agree with defendant that, under these circumstances, reasonable attorneys' fees may be included in the computation of the jurisdictional amount. Although section 1332(a) on its face appears to exclude "interests and costs" from this computation, an exception is made for attorney fees when those fees are an item of damages recoverable under a contract at issue in the case. See, e.g., Sarnoff v. American Home Prods. Corp., 798 F.2d 1075 (7th Cir.1986), on remand, 666 F.Supp. 137 (N.D.Ill.1987) ("where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees

may be included in determining whether the jurisdictional minimum is satisfied,") (citations omitted); *Perma Glass Corp. v. Sasak Corp.*, 718 F.Supp. 742, 744 (E.D. Mo.1989) (attorney fees included in computation of jurisdictional amount when included as an item of damages recoverable under a contract in the event of breach); *Srour v. Barnes*, 670 F.Supp. 18, 22 (D.D. C.1987) (attorney fees allowable in computation of jurisdictional amount when provided for by contract in issue or by statute in controversy). *See also* 14A C. Wright & A. Miller, *Federal Practice and Procedure*, § 3712, at 176–77 (2d ed. 1985) ("The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or by state statute, but only a reasonable attorney's fee may be recovered.").

 Plaintiff next contends that, even allowing for the aggregation of reasonable attorney fees in the computation of the jurisdictional amount, the requisite jurisdictional amount would not be met in this case. Plaintiff cites for support *Cast–A–Stone Products of South Carolina, Inc. v. Aetna Casualty and Surety Co.*, 379 F.Supp. 929 (D.S.C.1974), where the court held that a reasonable attorneys' fee, unliquidated at the time of filing the complaint and based on a private contract allowing such a fee to the successful party, would ordinarily amount to ten percent (10%) of the amount recovered. *Id.* at 932 n. 3. Plaintiff argues that aggregating 10 percent of the $42,202.06 claimed by plaintiff in the instant case, or $4,202.06, still fails to meet the required $50,000.00.

The court is not persuaded by the authority cited by plaintiff and rejects the principle that any fixed percentage rate can be used to determine a reasonable attorneys' fee for purposes of computing the jurisdictional amount. Clearly, what is "reasonable" will vary depending upon the facts and circumstances of each particular case.

In examining the claim in this case, the court agrees with defendant that the jurisdictional amount of $50,000.00 is met, since sums in excess of $8000.00 will reasonably be expended in discovery and trial. The court bases this determination on (1) the complexity of the construction contracts at issue; (2) the fact that discovery will likely entail travel to Ohio, Illinois and/or Iowa to take depositions of several non-party witnesses; (3) the uncontradicted affidavit of Glenn B. Lautzenhiser, Ceco's financial analyst;[1] and (4) the prevailing hourly rate in the Kansas City Metropolitan area. Accordingly, the court denies plaintiff's motion for remand.

IT IS THEREFORE ORDERED that plaintiff's motion for remand (Doc. # 5) is denied.

---

1. In his affidavit, Mr. Lautzenhiser states he has seventeen years of experience as a financial analyst for Ceco and that his job responsibilities have included the management and supervision of construction litigation. He states further that, based on his estimate of the scope and duration of discovery, attorneys' fees will exceed the sum of $8000.00.