BANK IV SALINA, N.A., Conservator of the Estate of Michael Ray Russ, Plaintiff,

v.

AETNA CASUALTY AND SURETY COMPANY, Defendant.

No. 91–4246–R.

United States District Court, D. Kansas.

Jan. 30, 1992.

Mickey W. Mosier, Lawton M. Nuss, Clark, Mize & Linville, Chtd., Salina, Kan., for plaintiff.

Ronald D. Heck, Cynthia J. Sheppeard, Heck & Sheppeard, P.A., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case was removed from the District Court of Saline County, Kansas. The matter is presently before the court upon plaintiff's motion to remand. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Plaintiff contends that remand to state court is necessary because (1) this court lacks jurisdiction, and (2) the defendant committed several mistakes in the removal process. Plaintiff points out that the defendant failed (1) to allege its citizenship at the time the state action was filed in the removal petition; (2) to comply with the requirements of D.Kan. Rule 202(c); and (3) to comply with the requirements of D.Kan. Rule 202(d). Finally, the defendant contends that the court lacks subject matter jurisdiction because the amount in con-

troversy in this diversity action does not exceed $50,000.00.

Plaintiff initially contends that this case should be remanded because defendant failed to allege in the removal petition its citizenship at the time the state action was filed. In support of this position, plaintiff relies upon *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D.Mich.1977); *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966); and *Carlton Properties v. Crescent City Leasing Corp.*, 212 F.Supp. 370 (E.D.Pa.1962).

The following facts form the basis of plaintiff's argument. The complaint filed by plaintiff in state court indicated that the defendant was a "foreign corporation." In the removal petition, the defendant indicated that the defendant "is now, and was at the time of the occurances (sic) alleged in the petition, a Connecticut corporation with its principal place of business in Hartford, Connecticut."

■ Plaintiff correctly points out that neither its state court complaint nor the defendant's removal petition adequately show the defendant's citizenship at the time of the filing of the state court complaint. A party seeking removal predicated on diversity of citizenship must allege sufficient facts to show diversity both at the time of the commencement of the action in state court and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231, 9 S.Ct. 518, 519, 32 L.Ed. 914 (1889). This means that a corporate party's place of incorporation and principal place of business at the time of the complaint must be alleged either in the complaint or in the removal petition. 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3733, pp. 533–35 (1985). Accordingly, plaintiff is correct that the removal petition filed by the defendant is defective because it fails to allege its dual citizenship at the time the state court action was commenced.

■ Having determined that the defendant has failed to sufficiently allege diversity at the time of plaintiff's complaint, we must consider whether this defect necessarily requires remand. The Tenth Circuit has indicated that remand is not mandated when a defect in the jurisdictional allegations of a removal petition is present. In *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir.1968), the Court affirmed the trial court's decision permitting an amendment of the removal petition to add allegations of the principal place of business of the defendant and the citizenship of the plaintiff. Plaintiff contended that the defendant's defective diversity allegations required remand. The Court rejected such an inflexible rule and concluded that plaintiff's approach would be contrary to 28 U.S.C. § 1653 and the interests of justice:

> We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts. If so applied they also would be out of harmony with prior decisions originating in this jurisdiction.

390 F.2d at 301 (footnotes omitted).

Other courts, following reasoning similar to that employed by the Tenth Circuit in *Hendrix*, have concluded that the failure to allege properly the citizenship of the parties at the time the action was commenced is a defect which can be cured by an amended removal petition. *See Roberts v. Panhandle Eastern Pipe Line Co.*, 737 F.Supp. 545 (W.D.Mo.1990); *LaNeave v. North American Life Assurance Co.*, 632 F.Supp. 1453 (D.Minn.1986); *Moser v. Bostitch Division of Textron, Inc.*, 609 F.Supp. 917 (W.D.Pa.1985); *Cook v. J.C. Penney Co.*, 558 F.Supp. 78 (N.D.Iowa 1983); *Kentucky Solar Energy Controls, Inc. v. American Borate Co.*, 497 F.Supp. 555 (E.D.Ky.1980). We recognize that oth-

er courts, including those cited by the plaintiff, have held that the failure to allege diversity of citizenship at the time the action was filed does require remand. However, we find the decision by the Tenth Circuit in *Hendrix* to be a far more reasonable approach. We see no reason why plaintiff should not be allowed to file an amended removal petition in this action. We see no prejudice to the plaintiff since there does not appear to be any real dispute that the parties were diverse at the time of the filing of the plaintiff's state court complaint. Accordingly, we shall allow the defendant ten days from the date of this order in which to file an amended removal petition.

 The plaintiff has raised two alleged defects concerning defendant's removal of this action. The plaintiff points out that the defendant did not file with the clerk of this court a proof of service of all of the notices of removal and filings with the clerk of the state court as required by D.Kan.R. 202(c) and did not file with the clerk of this court a copy of the state court proceedings within 20 days after filing the notice of removal as required by D.Kan.R. 202(d). Defendant admits that it did not timely comply with these rules, but indicates that it has since complied with these requirements.

Rule 202(d) provides as follows: "The court may remand any case sought to be removed to this court because of a failure to comply with the provisions of this subsection." We find no reason to remand for either the violation of Rule 202(c) or 202(d). Plaintiff has failed to articulate any prejudice to it in defendant's failure to comply with these rules. We, of course, do not want to encourage such violations in the future, but we deem the sanction requested by plaintiff too harsh under these circumstances.

Finally, we shall address plaintiff's contention that this action should be remanded because the court lacks subject matter jurisdiction. This argument is based on the amount in controversy in this case. Plaintiff asserts that the amount in controversy in this matter does not exceed the statutory jurisdictional threshold of $50,000.00. Plaintiff points out that it filed an amended complaint after the case was removed in which it sought only $50,000.00 plus interest and costs.

In response, the defendant points out that plaintiff also seeks attorney's fees. Accordingly, defendant argues that plaintiff's request for attorney's fees puts plaintiff's demand in excess of the jurisdictional threshold.

 The court finds no merit to the plaintiff's argument for a variety of reasons. In diversity actions, the amount in controversy must exceed $50,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is determined as of the time that an action is commenced in the federal courts. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990). Subsequent events cannot destroy the court's jurisdiction once it has been acquired. *Id.* In particular, if a plaintiff brings suit in state court, demanding a sum in excess of the jurisdictional amount, and the defendant properly removes the action to a federal court, any subsequent reduction by plaintiff of the amount claimed will not divest the federal court of jurisdiction. *St. Paul Mercury Indemnity Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938); *Core v. Southwestern Bell Telephone Co.*, 847 F.2d 497, 498 (8th Cir.1988). Here, the court has jurisdiction because the plaintiff sought a sum in excess of the jurisdictional amount before the case was removed. Moreover, even the amended complaint seeks an amount in excess of the jurisdictional amount with the request for attorney's fees. Attorney's fees are includable in computing the jurisdictional amount if plaintiff may recover them as an element of damages. *Hall v. Travelers Insurance Co.*, 691 F.Supp. 1406, 1409 (N.D.Ga.1988). In sum, the plaintiff's motion to remand shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to remand to state court (Doc. # 8) be hereby denied.

IT IS SO ORDERED.