James LININGER and Carol Lininger, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY CO., Defendant.

Civil Action No. 96–1436–FGT.

United States District Court, D. Kansas.

Jan. 28, 1997.

Gerald W. Scott, Mark A. Scott, Wichita, KS, for plaintiffs.

Lynn W. Hursh, Theodore A. Corless, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

The Liningers, plaintiffs in this action, were sued by the Simmonses for negligent and fraudulent misrepresentation and breach of warranty in connection with of the sale of the Liningers' home to the Simmonses. Plaintiffs made a demand under their homeowner's policy with the defendant, State Farm. Defendant denied coverage and refused to provide a defense to the lawsuit. The jury found in favor of the Simmonses on the negligent misrepresentation claim, but in

favor of the Liningers on the remaining claims. The jury found the Simmonses forty-nine percent at fault pursuant to the Kansas comparative fault statute, and found total damages of $22,572. Thus, judgment was entered against the Liningers in the amount of $11,511.72. The court ordered the Liningers to pay costs of $362.82. The Liningers also incurred attorney fees and expenses totaling $22,835.59 in defending that lawsuit.

This is an action by the Liningers to recover damages they claim resulted from the defendant's failure to provide coverage and a defense in the underlying lawsuit. Plaintiffs pray for damages in the amount of $34,710.13, plus interest, costs and attorney fees. The action was filed in Sedgwick County District Court and removed by the defendant to federal court on the basis of diversity jurisdiction. This matter is before the court on plaintiffs' motion to remand to state court. (Doc. 7). Plaintiffs contend the damages in this case do not meet the jurisdictional threshold of more than $50,000.

28 U.S.C. § 1332 provides that the federal district courts have original jurisdiction of cases between citizens of different states "where the matter in controversy exceeds the sum or value of &,000, exclusive of interests and costs." Attorney's fees are included if they are allowable as part of recovery. *Bank IV Salina v. Aetna Cas. & Surety Co.*, 783 F.Supp. 1315, 1317 (D.Kan.1992). In this case, in addition to damages, plaintiff seeks attorney's fees under K.S.A. § 40-256, which provides in relevant part:

> "[I]f it appear from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, . . ."

There is no question, then, that in this case that the attorney's fee plaintiffs seek are to be included in the calculation of the jurisdictional amount.

Plaintiffs contend they will not recover enough in attorney's fees to reach the threshold amount. They point to the contract with their attorney, which provides for a contingent fee of thirty-three percent of recovery. However, K.S.A. § 40-256 does not base recovery of attorney fees upon a contingent fee calculation, but rather allows "a reasonable sum." The court cannot use a fixed percentage rate to determine a reasonable attorney fee for purposes of computing the jurisdictional amount. *Building Erection Serv's Co., Inc. v. Ceco Corp.*, 760 F.Supp. 188, 189 (D.Kan.1991). "What is reasonable will depend upon facts and circumstances surrounding each particular case." At this early stage of the litigation, the court cannot say that a reasonable attorney fee will be less than $16,000.[1]

Plaintiffs next state that they agree not to seek an attorney's fee of more than $15,000, so the total possible recovery will be less than $50,000. This agreement carries no weight. The amount in controversy is determined at the time the action is brought to federal court. *Bank IV Salina*, 783 F.Supp. at 1317 (citing *Klepper v. First American Bank*, 916 F.2d 337, 340). Once the court acquires jurisdiction, subsequent events cannot destroy it. *Id.* Once a lawsuit is properly removed to federal court, a plaintiff's subsequent reduction in the amount of damages claimed does not divest the court of jurisdiction. *Id.*

The court concludes that the amount in controversy in this case exceeds $50,000. There is no dispute that the parties are of diverse citizenship. Thus, the court has jurisdiction to hear this case. The plaintiffs' motion to remand is denied.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs' motion to remand (Doc. 7) is hereby denied.

---

1. If plaintiffs recover the full amount of damages claim, plus attorney fees of at least $15,289.88, their recovery will exceed $50,000.