RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0013P (6th Cir.)
File Name: 01a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

WILLIAM A. COHN,
     *Plaintiff-Appellant*,

v.

No. 99-5184

NATIONAL BOARD OF TRIAL
ADVOCACY; JOHN DOES 1-20,
Members of the Review
Standards Committee,
     *Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-02684—Jon Phipps McCalla, District Judge.

Submitted: October 5, 2000

Decided and Filed: November 17, 2000[*]

Before: KEITH, SUHRHEINRICH, and CLAY, Circuit
Judges.

—————————

[*]This decision was originally issued as an "unpublished decision"
filed on November 17, 2000. On January 5, 2001, the court designated
the opinion as one recommended for full-text publication.

1

--------------------

**COUNSEL**

**ON BRIEF:** William A. Cohn, COHN LAW FIRM, Cordova, Tennessee, for Appellant. Gary K. Smith, SMITH, SABBATINI & McLEARY, Memphis, Tennessee, for Appellees.

--------------------

**OPINION**

--------------------

SUHRHEINRICH, Circuit Judge.   Plaintiff William A. Cohn[1] appeals summary judgment for Defendants National Board of Trial Advocacy and John Does 1 to 20, members of the board's Review Standards Committee (collectively "NBTA").   The suit stemmed from NBTA's denial of Plaintiff's application for a Civil Trial Advocacy Certification.  Plaintiff alleged this was a violation of various constitutional rights, 42 U.S.C. § 1983, and antitrust laws, constituted a conspiracy, and an intentional interference with contract under state law.   Plaintiff sought damages and injunctive relief.  Plaintiff asserts the court erred because, among other things, it considered impermissible factors when determining NBTA was not a quasi-governmental agency under § 1983, and that the award of attorney fees was improper.  We **AFFIRM.**

**I.**

NBTA moved to dismiss the complaint in its entirety for failure to state claims on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court granted the motion to dismiss as to the antitrust claim and the state law claim for intentional interference with contract because the complaint did not

--------------------

[1] Plaintiff is an attorney and is proceeding *pro se* on appeal.

specify any factual basis for the claims so as to put NBTA on notice.

NBTA then sought summary judgment as to all remaining claims because Plaintiff failed to establish a disputed issue of fact. In support of its motion, NBTA asserted that Plaintiff entered into a release and covenant not to sue and agreed to indemnify NBTA, and supported its motion with affidavits and other evidence, including the agreement of the parties. NBTA also argued that, as a private entity, it was not a state actor for purposes of § 1983 and that Plaintiff showed no damages. When NBTA filed its answer, it asserted a counterclaim for attorney fees pursuant to its agreement with Plaintiff.

Plaintiff sought summary judgment on his request for injunctive relief to order NBTA to issue the certification, arguing that NBTA was a quasi-governmental agency under § 1983.

The district court concluded NBTA was not a state actor for § 1983 purposes because it is a private entity and Plaintiff offered no support for his allegations that NBTA performed a function traditionally performed exclusively by the state, or to show a symbiotic relationship between NBTA and the state so that NBTA's conduct subjected it to § 1983 liability as a quasi-governmental agency. The court also found Plaintiff disclosed and suffered no damages as a result of NBTA's actions. The court, therefore, granted summary judgment to NBTA on all claims and denied Plaintiff's motion for summary judgment. At this time, the court also denied without prejudice NBTA's counterclaim for attorney fees because there was no supporting documentation.

The parties subsequently filed cross-motions for summary judgment on the counterclaim for attorney fees. NBTA filed affidavits regarding the reasonableness of the fees, an itemized statement of services rendered, and the agreement of the parties. Plaintiff filed affidavits regarding the

unreasonableness of the fees. NBTA asserted it was entitled to the award of fees under (1) the agreement of the parties, (2) Fed. R. Civ. P. 54 because Plaintiff's suit was frivolous, unreasonable, and without foundation, and (3) 42 U.S.C. § 1888 because it was the prevailing party.

The court granted NBTA's motion for summary judgment as to the fee award based on the agreement of the parties, Rule 54, and § 1988, having found the attorney fees and costs reasonable. The court stated for the record that Plaintiff should not have received certification from NBTA based on the court's prior experience with Plaintiff and that to have done so would have been "a disservice to the community." J.A. 187-88. The court also stated the present case was egregious, vexatious, and "could be one in which the matter was referred to the Board of Professional Responsibility." J.A. 189.

## II.

Plaintiff asserts that the district court erred when it granted summary judgment to Defendant and denied his motion for summary judgment. This Court reviews de novo a grant of summary judgment. *See Klepper v. First Am. Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). In response to a motion for summary judgment, the non-movant may not rest on his pleadings, but must come forward with facts demonstrating there is a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Klepper*, 916 F.2d at 342.

Summary judgment was appropriate because Plaintiff's brief in response to NBTA's motion, which was unsupported by any affidavits or other evidence, did not create a genuine issue of material fact. In addition, the court was correct to conclude NBTA, as a private entity, is not a state actor for

§ 1983 purposes or a person that can be sued for alleged constitutional violations. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Ellison v. Garbarino*, 48 F.3d 192, 195-196 (6th Cir. 1995); *Bier v. Fleming*, 717 F.2d 308, 310-11 (6th Cir. 1983). Finally, the court properly found that Plaintiff did not disclose evidence of claimed damages for any of his claims.

## III.

Plaintiff also argues that the district court erred when it awarded NBTA attorney fees. This Court reviews a district court's award of attorney fees for an abuse of discretion. *See Wilson-Simmons v. Lake Co. Sheriff's Dept.*, 207 F.3d 818, 824 (6th Cir. 2000). Plaintiff voluntarily covenanted not to sue and to pay the costs to defend any suit concerning his application. Moreover, an award of attorney fees is also available to a party prevailing in a civil rights suit pursuant to § 1988, and the legal basis of Plaintiff's claim was so without merit that the court reasonably found Plaintiff's claim to be frivolous. There was no abuse of discretion.

Finally, Defendant requests attorney's fees and expenses for defending a frivolous and vexatious appeal. This relief may be granted on a separately filed motion and reasonable opportunity for Plaintiff to respond. *See* Fed. R. App. P. 38.

**AFFIRMED.**