**BRIGHTON PAINTING CO.,**
**a Delaware Corporation,**
**Plaintiff–Appellant,**

v.

**SOUTHEASTERN OAKLAND COUN-**
**TY WATER AUTHORITY, De-**
**fendant–Appellee.**

No. 99–2291.

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2001.

Before BATCHELDER and CLAY Circuit Judges; POLSTER, District Judge.*

BATCHELDER, Circuit Judge.

Brighton Painting Co. ("Brighton"), a Delaware corporation, brought this diversity action against Southeastern Oakland County Water Authority ("SOCWA"), for

damages resulting from a breach of implied warranty. Brighton claims that in the bid specification package soliciting bids for the repainting of its water tanks, SOCWA provided inaccurate data about thickness and lead content of an existing coat of paint on the inside of a 10–million–gallon water reservoir; that Brighton, relying on that data, submitted a bid for paint removal and repainting of the water reservoirs that was too low; and that Brighton therefore lost money on the job. The district court granted summary judgment to SOCWA, and Brighton timely appealed. We will reverse the judgment of the district court and remand this matter for further proceedings consistent with this opinion.

## FACTS

SOCWA invited bids for the job of repainting the outside of a 7.5–million–gallon reservoir and both the inside and outside of a 10–million–gallon reservoir (the "tank"). The job required Brighton to remove old paint before applying new. The old paint on the outside of the tank contained lead and had to be disposed of as hazardous waste. The bid package said that the prime coat on the exterior of the 10–million–gallon tank was "Red Lead Alkyd Mobil;" that the interior of the tank had been sandblasted in 1974 and repainted with nonleaded paint; and that the interior paint applied in 1974 was a total of 4.25 mils thick. The bid package also required that no bid could be withdrawn within 60 days after the bids were opened, and that the successful bidder was required to sign a contract within 15 days being notified of the acceptance of his bid.

The record is unclear about when SOCWA opened Brighton's bid and wheth-

* The Honorable Dan A. Polster, United States District Court for the Northern District of Ohio, sitting by designation.

er Brighton was afforded the opportunity (or could have demanded the opportunity) to inspect the inside of the tank before signing the contract. It is clear, however, that Brighton did not inspect the tank until March 9, 1998, well after Brighton had signed the contract on February 12, 1998, and after SOCWA had drained the tank.

After inspecting the tank, Brighton wrote two letters to SOCWA on March 20, 1998.[1] One letter addressed Brighton's contention that the tank's interior paint was much thicker than the bid package specified, which would increase the costs of both paint removal and repainting. The other letter complained that the interior paint contained more lead than the bid package represented, which would also increase the costs of removal. Brighton completed the project and attempted to obtain additional compensation from SOCWA to cover the additional costs.

SOCWA, on the advice of Dixon Engineering, rejected Brighton's demand for more money. Neither SOCWA nor Dixon addressed Brighton's complaint that paint inside the tank was much thicker than the bid package represented it was, addressing only the claim of higher lead content in the interior paint. Claiming that the extra-thick interior paint and higher-than-expected lead content added $191,104.63 to the cost of doing the job, Brighton sued.

## PROCEDURAL BACKGROUND

The district court entered final summary judgment against Brighton because:

> [Brighton] has provided no evidence to establish incorrect information was provided. Nor has [Brighton] met the requirements of Fed.R.Civ.P. 56(f) for a

continuance based upon the need for discovery.

Brighton then filed a motion for reconsideration under the district court's local rule 7.1(g)(3), and alternatively, asked for relief under Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure. The district court denied Brighton's post-judgment motion because "[Brighton] has failed to satisfy the standard in that it has not demonstrated a palpable defect by which the Court was misled ." Brighton filed a timely notice of appeal challenging the district court's decision on SOCWA's summary judgment motion and on Brighton's post-judgment motion.

## ANALYSIS

We review a district court's grant of summary judgment de novo, using the same standard under Rule 56(c) used by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (en banc). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When reviewing a motion for summary judgment, the evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 341–42 (6th Cir.

---

1. SOCWA has made no objection, either before the district court or before us on appeal, to the letters submitted by Brighton in opposition to SOCWA's motion for summary judgment, although Brighton did not present the letter by way of an affidavit. Accordingly, any objection has been waived.

1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Because this is a diversity case, the applicable state law governs. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 822–23, 82 L.Ed. 1188 (1938).[2] We must therefore look to Michigan law here. The Michigan courts have held that a party contracting with the government may rely on the information contained in the government's bid package, and the government may be liable to the contractor for any losses or increased costs resulting from such reliance. *See W.H. Knapp Co. v. State,* 311 Mich. 186, 18 N.W.2d 421, 426 (1945) (affirming judgment for contractor on breach-of-warranty claim because plaintiff was misled by state-supplied specifications about job to be done).[3]

■ The district court held that "[t]he bid package simply provides that the 10–million–gallon reservoir was erected in 1956, and the interior was painted in 1974 with nonleaded paint." We note, however, that SOCWA's bid package contained a data sheet concerning the 10,000,000 gallon tank; that sheet contained two columns of data, one of which–captioned *"Interior"*– said that "Dry Film Thickness" was "4.25 mils (total)." One of the two letters that

Brighton wrote to SOCWA on March 20, 1998, stated that Brighton had determined that the "blast profile" of the old paint on the inside of the tank showed that the paint was much thicker than 4.25 mils. At oral argument, SOCWA's lawyer said that the "blast profile" referred to in Brighton's letter does not relate to paint thickness and that Brighton said nothing about paint thickness until after Brighton lost the motion for summary judgment. Whether blast profile relates to paint thickness is, we think, an issue of material fact to be developed in discovery. We conclude that Brighton has demonstrated that there remains for trial a genuine issue of fact as to the accuracy of the data provided by SOCWA regarding the thickness of the existing paint and the reasonableness of Brighton's bid based on that data.

■ According to the same data sheet we have referred to above, the tank's interior was repainted in 1974 with nonleaded paint. But another page of the bid package contained information that some lead-based paint remained inside the tank: "The Water Authority has had two chip samples analyzed for lead content, *from the interior of the 10.0 M.M.G. Reservoir. Both samples exceeded the allowable Maximum Contaminant Level of 0.5%."* (emphasis added). SOCWA argued to the district court that "[b]ecause [Brighton] had notice of lead [inside the tank] and [because] specifications required compliance with the OSHA standard, ... [Brighton] was responsible for assumptions it made regarding removal."

The district court apparently accepted that argument. But that argument ig-

---

**2.** *See also* 28 U.S.C. § 1652 (Rules of Decision Act).

**3.** *See also Hersey Gravel Co. v. State,* 305 Mich. 333, 341–43, 9 N.W.2d 567 (1943) (affirming judgment for contractor on breach-of-warranty claims when state gave contractor inaccurate data about the job).

nores one of Brighton's March 20th letters to SOCWA, detailing over $37,000 in additional costs to Brighton. The letter attributed those costs to the higher-than-anticipated lead content of old paint still in the tank and Brighton's reliance on SOCWA's faulty information: "Our tests and XRF test showed a substantial higher level than the test in the [bid package's] specification * * * Without the ability to physically sample the interior coatings ourselves, we relied on the supplied analytical laboratory report from Corrosion Control Consultants and Labs, Inc., ... attached within the specification." We hold that a genuine issue of fact remains for trial with regard to the representations made by SOCWA as to the lead content in the tank's interior paint and Brighton's alleged reliance on those representations.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's decision granting summary judgment to SOCWA and dismissing this action. Accordingly, we REMAND this case to the district court for proceedings consistent with this opinion.