**Gary Lee MORRIS, Plaintiff–Appellant,**

v.

**Ollie BOYD, et al; Richard Percy; Charles Schumacher; James Pike, Defendants–Appellees.**

No. 01–1433.

United States Court of Appeals, Sixth Circuit.

June 26, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER *, District Judge.

BATCHELDER, Circuit Judge.

Pro se plaintiff, Gary Lee Morris, appeals the district court's grant of the motion for summary judgment on his 42 U.S.C. § 1983 action alleging malicious prosecution, false arrest, false imprisonment, and conspiracy filed by the remaining defendants: Michigan State Police Detectives Richard Percy and Charles Schumacher, and Michigan Department of Social Services Child Protective Services Worker James Pike. For the reasons that follow, we affirm the judgment of the district court dismissing Morris's claims.

## BACKGROUND

Gary Lee Morris and his daughter, Melody Morris, were arrested and charged with Criminal Sexual Conduct Second for allegedly allowing sexual activities to take place between Morris and his thirteen-year-old granddaughter during a February 10, 1996, family visit to Mound Correctional Facility, where Morris was incarcerated for a previous conviction of criminal sexual conduct with another family member. Despite denials by Morris, his daughter, and his granddaughter that any such conduct had occurred, prison officials terminated the visit. Prison officials and detectives, including Michigan Detective Richard Percy, investigated the matter, and after an investigative hearing, Morris was found guilty of sexual misconduct and the prison permanently restricted visitation by Morris's daughter and granddaughter.

As part of the investigation, Detective Percy filed a Michigan State Police Original Incident Report, which recorded information he received from prison officials, noting that child protective services worker James Pike had already been informed of the incident by prison officials and was trying to contact Melody Morris to terminate her parental rights. Detective Percy also filed a supplement to his original report, which included summaries of interviews he conducted with prison officials. Pike removed Melody Morris's children from her custody and placed them in foster care. There is no evidence indicating what role, if any, Detective Charles Schumacher played, although Morris asserted in his complaint that Schumacher was a lieutenant and an investigating officer at the time, received a call from the deputy warden, and received false information from a prison official.

Both Morris and his daughter were acquitted by a jury in Wayne County Recorder's Court of the criminal sexual conduct charges. Morris subsequently filed a suit against a total of seventeen individuals, including Percy, Schumacher, and Pike. The action was dismissed as to fourteen of the defendants, leaving the three defendants named in this appeal. Morris's complaint alleged that Detective Percy failed to investigate properly the charges against him and his daughter, that Percy conspired with Pike to deprive Morris and his daughter of companionship by removing his grandchildren from their home, and

* The Honorable Karl S. Forester, United States District Court for the Eastern District of Kentucky, sitting by designation.

that Pike illegally removed Morris's grandchildren from their home. Percy, Schumacher, and Pike moved for summary judgment or to dismiss the case on the basis of a failure to state a claim for relief pursuant to Rule 12(b)(6). A magistrate judge recommended that the case be dismissed; the district court adopted the recommendation, granting summary judgment to the defendants and dismissing Morris's claims. Morris now appeals.

## ANALYSIS

We review a grant of summary judgment de novo. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (en banc). We view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To withstand summary judgment, the nonmovant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir.1990).

We conclude, after a de novo review of the facts as Morris alleged them, that both the magistrate judge and the district court applied the appropriate standard of review. In fact, because Morris is a pro se plaintiff, the magistrate judge construed his complaint even more liberally than is required by the summary judgment standard. Morris's suit failed, not because the magistrate judge and the district court used the incorrect standard of review, as Morris maintains, but because Morris failed to allege any facts supporting his various theories of recovery.

■ First, Morris did not allege facts establishing that Detective Schumacher took any action that violated his rights—his complaint alleged only that Schumacher was a lieutenant and an investigating officer at the time, that he received a call from the deputy warden, and that he received false information from a prison official, not that Schumacher was personally involved in the deprivation of Morris's rights, as required in a § 1983 action. He now claims that Schumacher failed to investigate or conspired with Detective Percy, an allegation he has not supported by any evidence. Moreover, he has not shown that Schumacher encouraged, acquiesced in, or directly participated in the alleged misconduct, as is required for a showing of supervisor liability under § 1983. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

■ Second, Morris has failed to establish a claim of malicious prosecution, false arrest, and false imprisonment under Michigan law. To support these claims, he contends that no probable cause existed to charge him with criminal sexual conduct. However, as the magistrate judge recognized, the record clearly indicates that the issue of probable cause was adjudicated in his preliminary hearing, and he was bound over for trial. Because Morris is precluded from relitigating the issue of whether probable cause existed, *Stemler v. City of Florence*, 126 F.3d 856, 871–72 (6th Cir. 1997), his claim must fail.

■ Finally, Morris has neglected to plead his claim of conspiracy between Percy and Pike with any degree of specificity, as is required. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). While Morris asserts that Percy and Pike proffered false and misleading information leading to the charge of criminal sexual conduct and to the removal of his granddaughter from the home, he has presented no evidence that an agreement existed between Percy and Pike with regard to either of these allegations. Moreover, he

284

has not established that he was injured by an unlawful act by either defendant.

Because we conclude that Morris has not alleged any facts supporting his various theories of recovery, we need not consider whether any of the remaining defendants are entitled to qualified or absolute immunity.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.