**Joan R. JENKINS, Plaintiff–Appellant,**

v.

**NASHVILLE PUBLIC RADIO; Rob Gordon, Defendants–Appellees.**

**No. 03–5392.**

United States Court of Appeals, Sixth Circuit.

Sept. 2, 2004.

Rehearing En Banc Denied Nov. 10, 2004.

---

1. The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

Phillip L. North, A. Gregory Ramos, North, Pursell & Ramos, Nashville, TN, for Plaintiff–Appellant.

Donald Capparella, Law Offices of Donald Capparella, H. Rowan Leathers, III, Douglas B. Janney, III, Rob Gordon, Manier & Herod, Nashville, TN, for Defendant–Appellee.

Before: BATCHELDER and GIBBONS, Circuit Judges; and CALDWELL,* District Judge.

BATCHELDER, Circuit Judge.

Joan Jenkins appeals the order of the district court granting summary judgment to the defendants Nashville Public Radio ("NPR") and ·Rob Gordon on Jenkins's claims of employment discrimination in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq. ("Title VII"), and dismissing those claims and her related state law claims. Because we conclude that the district court erred in granting summary judgment, we REVERSE the judgment.

## BACKGROUND

Ms. Jenkins is an African–American woman who, at the time of the conduct complained of in this action, had worked for several years for NPR in fundraising. In the summer of 2000, Ms. Jenkins's immediate supervisor resigned as Vice–President of Marketing and Development and

NPR began accepting applications for that position. Ms. Jenkins expressed her interest in that job to her ultimate superior, Rob Gordon, the president of NPR. During the course of the search for a new Vice President of Marketing and Development, NPR announced that it would split the position into two positions: Director of Corporate Support and Director of Membership Support. NPR interviewed a Caucasian male applicant, Dan Surface, for the Director of Corporate Support and then for the Director of Marketing and Development position. Several weeks later, NPR interviewed Ms. Jenkins for the position of Director of Marketing and Development. During this period, the deadline for applications was extended and, according to NPR, the position of Vice President of Marketing and Development, which ostensibly had been split into two positions, "remained open."

NPR ultimately selected Mr. Surface as the Director of Marketing and Development instead of Ms. Jenkins. Mr. Gordon admitted that he had decided prior to Ms. Jenkins' interview to hire Mr. Surface, and had interviewed Jenkins "as a courtesy."[1] The decision to hire Mr. Surface was Mr. Gordon's, although a committee was in some fashion involved in the review of candidates. In any case, Mr. Surface began work on December 1, 2000, and apparently asked Ms. Jenkins for training in his position on that day. Ms. Jenkins resigned on December 4, 2000.

After filing her EEOC claim and receiving her right to sue letter, Ms. Jenkins filed suit in Tennessee State Court, raising claims of employment discrimination under 42 U.S.C. § 1981 and 2000(e) and state

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. We are puzzled by the idea that granting an interview to a candidate whom the employer has already decided not to hire is a "courtesy."

law, as well as state law claims of outrageous conduct, intentional and negligent misrepresentation, and fraud. The defendants removed the case to federal court and moved for summary judgment. The district court granted the motion as to Jenkins' federal claims and refused to exercise supplemental jurisdiction over her state claims, which it dismissed without prejudice. Jenkins' timely appeal followed.

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

To withstand summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir.1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We review the grant of summary judgment de novo. *Hall v. Tollett*, 128 F.3d 418, 421 (6th Cir.1997).

We review claims of race and gender discrimination under Title VII and race discrimination under Section 1981 using the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff proves a prima facie case, then the burden shifts to the employer to provide a legitimate, non-discriminatory reason for its actions; if the employer does so; the presumption of unlawful discrimination by the employer disappears, and the plaintiff must prove that the reason offered by the employer is pretextual, that is, that the employer's action was in fact intentionally discriminatory. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Pretext may be established either by a direct showing that unlawful discrimination more than likely motivated the employer or by an indirect showing that the employer's explanation is not credible. *Kline v. TVA*, 128 F.3d 337, 342–3 (6th Cir.1997) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). There are three ways in which a plaintiff may demonstrate pretext: first, by showing that the employer's stated reason has no basis in fact; second, by showing that the reason offered was not the actual reason; and third, by showing that the reason was insufficient to explain the employer's action. *See Wheeler v. McKinley Enter.*, 937 F.2d 1158, 1162 (6th Cir.1991).

In the summary judgment proceedings before the district court, the defendants conceded Ms. Jenkins's prima facie case. The defendants contended, however, that NPR had hired Mr. Surface rather than Ms. Jenkins because his qualifications for the position of Director of Marketing and Development were superior to those of

Ms. Jenkins. Defendants pointed to Mr. Surface's broader fundraising background, his experience in supervising fundraising employees, his bachelor's degree in philosophy from Vanderbilt University, and specific experience in both corporate and individual fundraising, in contrast to what the defendants viewed as Ms. Jenkins's more limited background in fundraising and specifically in individual fundraising, her limited experience in supervising staff and her lack of interpersonal skills.

Ms. Jenkins contended before the district court that this proffered explanation is pretextual. She argued that her qualifications for the job are superior to those of Mr. Surface. Noting NPR's posted requirement that applicants have a bachelor's degree in "Marketing, Business, Communication or related field," Ms. Jenkins pointed to her bachelor's degree in communications, in contrast to Mr. Surface's degree in philosophy. She further pointed to her six years' experience in fundraising in public radio at NPR; six years' experience as a development consultant and Assistance Development Director for the American Red Cross; her undisputed success at fundraising during her years at NPR, and the lack of any mention in her performance evaluations at NPR of any problems she was perceived as having in interpersonal skills. In addition to the evidence of her qualifications for the position, Ms. Jenkins provided evidence of irregularities in the process of posting the position and entertaining applications for it, including Mr. Gordon's admission that by the time he conducted the "courtesy" interview of Ms. Jenkins he had already determined to hire Mr. Surface; inconsistencies in the rationales offered by the defendants for not hiring her for the position; and the fact that there were no African–American women supervisors at NPR during Mr. Gordon's entire tenure.

The district court held that the defendants had articulated a legitimate, nondiscriminatory reason for hiring Mr. Surface instead of Ms. Jenkins for the position, namely, that Mr. Surface was better qualified for the position. Quoting the Fifth Circuit's opinion in *Price v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002), the district court held that in order to establish pretext by showing that her qualifications were superior to those of Mr. Surface, Ms. Jenkins's qualifications must "leap from the record and cry out to all who would listen that [s]he was vastly—or even clearly—more qualified for the subject job." Ms. Jenkins failed to meet this burden, the court said, and although her qualifications were sufficient, they were not so clearly superior as to demonstrate intentional discrimination based on race or gender, as opposed to the exercise of business judgment, which even if unsound or erroneous, is within the discretion of the employer.

We cannot agree that Ms. Jenkins failed to meet her burden of providing sufficient evidence to raise a genuine issue of fact with regard to pretext. This circuit has never adopted the *Price* requirement that in order to raise a genuine issue as to whether the plaintiff was rejected because of an improper motive rather than because of the exercise of discretionary business judgment, the plaintiff must demonstrate qualifications that are "vastly—or even clearly" greater than those of the successful applicant. And we cannot readily reconcile the *Price* standard with the well-established principle of *Burdine* that "[t]he fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 67

L.Ed.2d 207 (1981). *See also Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 576 (2003) (en banc) (noting that "[t]his court has held that the reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation.")

Even if we were to require, as *Price* does, that the plaintiff provide evidence of a huge disparity in qualifications in order to provide a genuine issue of fact with regard to pretext, that would not end the inquiry here. *St. Mary's Honor Ctr.* and *Reeves v. Sanderson Plumb. Prod., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), have left no room for debate that the finder of fact is charged with determining whether to believe the employer's articulated reason for the adverse employment action; that "rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of discrimination," *St. Mary's Honor Ctr.,* 509 U.S. at 511, 113 S.Ct. 2742 (emphasis in original); and that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves,* 530 U.S. at 148, 120 S.Ct. 2097. Ms. Jenkins has provided some evidence of irregularities in the application and selection process, inconsistencies in the reasons given by NPR for not hiring her, and the lack of African–American women in supervisory positions at NPR, as well as evidence of her allegedly superior qualifications, which, if believed by the trier of fact, could lead to the conclusion that NPR denied her the position of Director of Marketing and Development because of her race or gender. At the summary judgment stage, that evidence must be viewed in the light most favorable to Ms. Jenkins, and viewed in that light, we conclude that it raises a genuine issue with regard to pretext.

Accordingly, we REVERSE the judgment of the district court and REMAND this matter for further proceedings consistent with this opinion.