NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0120n.06
Filed: November 22, 2004

Case No. 02-6542

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAUL BOWERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT, MIDDLE DISTRICT |
| NOL, LLC, d/b/a | ) | OF TENNESSEE |
| PREMIER RADIOLOGY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER, COLE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Paul Bowers appeals the district court's order granting summary judgment to NOL, LLC, dba Premier Radiology ("Premier") on Mr. Bowers's claims that Premier failed to pay him overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The district court granted summary judgment to Premier because it found no question of material fact regarding whether Mr. Bowers was an exempt employee under the FLSA's "administrative employee" exception. *See* 29 U.S.C. § 213(a)(1). Because Mr. Bowers has presented evidence sufficient to create a question of material fact, we REVERSE the judgment of the district court and REMAND this matter for proceedings consistent with this opinion.

## BACKGROUND

As part of a merger between Mr. Bowers' previous place of employment and its successor, Premier Radiology, Mr. Bowers was hired in 1998 by Premier to work as an ultrasound technician.

The parties agree that Mr. Bowers was hired at least in part to achieve "growth" in the ultrasound business of Premier. The parties disagree, however, about the extent to which they intended that Mr. Bowers's duties would include both performing ultrasound tests and marketing the business. Premier strenuously maintains that it offered Mr. Bowers a high salary with commensurate potential for commissions primarily because of his professional connections and his resultant ability to market the business. Mr. Bowers agrees that his preexisting relationships with area doctors figured into his being offered a high salary with the potential for commissions, but he contends that he was told not to engage in any marketing services directed toward increasing ultrasound business.

Mr. Bowers began working for Premier in late 1998, on a regular daily schedule of 8:00 a.m. to 5:00 p.m. On some days he stayed later than 5:00 p.m., but the extent to which that time was devoted to personal as opposed to professional work is in dispute. Although Mr. Bowers now contends that this overtime totals at least 1,031 hours for which he has not been compensated, he did not submit any request for overtime during the years in question. In November 2000, some employees, including Mr. Bowers, received requests for verification of overtime (Paid Time Off). When Mr. Bowers responded with a memo claiming a total of 1123 hours of unpaid overtime, his superiors asked him to explain the overtime request memo. In his deposition, Bowers admitted that he had submitted the memo as a joke. Mr. Bowers submitted a letter of resignation in January 2001. His letter did not indicate his reason for resigning and it made no mention of overtime.

Mr. Bowers filed this action under the FLSA in July 2001, alleging violations of the FLSA's overtime protections. Premier filed a motion for summary judgment, which the district court granted in August 2002, finding that there was no genuine issue of material fact regarding whether Premier had met its burden of establishing that Mr. Bowers was an exempt employee under the FLSA. Mr.

Bowers timely appealed.

## ANALYSIS

We review de novo the district court's grant of summary judgment. *See City Mgmt. Corp. v. U.S. Chemical Co.*, 43 F.3d 244, 250 (6th Cir. 1994). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We must view in the light most favorable to the nonmoving party the evidence, all facts, and any inferences that may be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To withstand summary judgment, the non-moving party must produce sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The FLSA requires employers to pay employees at a rate of 150% of their normal pay for work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Exempt from this requirement are employees "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Included within the definition of "administrative" employee is

> an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week exclusive of board, lodging, or other facilities, and whose primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers . . . where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment.

29 C.F.R. § 541.214 (2000). The regulations in effect at the relevant time provided that, as a rule

3

of thumb, an employee who devoted more than 50 percent of his time to administrative work met this requirement. 29 C.F.R. § 541.206(b); § 541.103 (2000). We construe the exemption narrowly against the employer seeking to assert it, and the employer bears the burden of proof on each element of the claimed exemption. *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997).

It is undisputed by the parties that Mr. Bowers earned more than $250 per week and was a salaried employee, leaving for our consideration whether their remains a genuine issue as to Premier's claim that Mr. Bowers' primary job responsibilities consisted of "office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers." The district court cites considerable evidence supporting Premier's argument that it hired Mr. Bowers primarily intending that he would market the ultrasound business, including testimony from Premier's executives, the circumstances surrounding Mr. Bowers's hiring, and Mr. Bowers' letter referring to an expected bonus for increasing the volume of business. But the record also includes more than a scintilla of evidence supporting Mr. Bowers's contention that his primary duties were technical, including his own testimony that he was specifically instructed not to be involved in marketing.

The essence of Mr. Bowers' overtime claim is that he was primarily a technical employee. We conclude that a genuine issue of fact remains for trial as to the nature of Mr. Bowers's duties, and whether he was exempt from the overtime requirements of the FLSA, an issue on which the employer bears the burden at trial.

## CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND this matter for further proceedings consistent with this opinion.

4