**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0436n.06
Filed: May 25, 2005

No. 04-1408

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALFRED N. DERUSHA,
    *Plaintiff-Appellant,*

v.

On Appeal from the
United States District Court for
the Eastern District of Michigan

DETROIT JEWISH NEWS & STYLE MAGAZINE
AND ARTHUR HOROWITZ,
    *Defendants-Appellees.*

_____/

Before: KENNEDY and MOORE, Circuit Judges; RESTANI, Chief Judge of the United States Court of International Trade.[*]

**Kennedy, J.** Plaintiff Alfred Derusha appeals the district court's grant of summary judgment to Defendants on his claims of religious discrimination and retaliatory firing in violation of Title VII of the Civil Rights Act of 1964. Because Plaintiff failed to make out a cognizable claim under either theory, we affirm the district court.

**BACKGROUND**

Plaintiff Alfred Derusha was hired as an at-will employee by Defendant Detroit Jewish News ("News") as its associate publisher on February 22, 2000.[1] Defendant Arthur Horowitz ("Horowitz"), the owner of the News, knew that Plaintiff was a Jehovah's Witness when he hired

_____

[*] The Honorable Jane A. Restani, Chief Judge for the Court of International Trade, sitting by designation.

[1] Plaintiff had worked at the News as a consultant for approximately one month prior to being hired as an employee.

him. During his employment, Plaintiff performed various roles at the News. Initially, he supervised the directors of the advertising, circulation, and production departments, as well as the editor of STYLE magazine (which was developed while Plaintiff worked for the News).

As part of his duties, Plaintiff hired and supervised one Barry Flees. Flees worked in the circulation department. Flees did not perform to the satisfaction of Horowitz and Plaintiff, and he was terminated. After his termination, Flees, who was Catholic, filed a complaint of religious discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging religious discrimination because he was not Jewish. In a letter to the News, Flees also accused Plaintiff of retaliation. The News investigated Flees' complaints and concluded they were baseless. Plaintiff was asked to and eventually signed an affidavit for use by the News in the E.E.O.C. investigation indicating that Flees' claims of religious discrimination were baseless. Plaintiff claims that he was pressured to sign this affidavit and that he did not agree with its contents. Plaintiff did suggest revisions to the affidavit several times before signing, however, copies of his suggested changes disclose that they were either cosmetic or irrelevant to the alleged discrimination.

A year after Flees' termination, Horowitz gave Plaintiff a performance review that indicated several areas requiring improvement, including providing greater oversight and management of circulation, better supervision and management of productions, better adaptation to the culture of the News, and better adherence to the budget. Plaintiff was also asked to develop and implement bonus plans and otherwise improve revenue generation. After this performance review, Plaintiff's responsibilities in production and circulation were gradually shifted to other employees so that he could focus on revenue generation and the advertising department. Prior to this performance review, Plaintiff received a bonus and he had received notes from Horowitz thanking him for his work.

Plaintiff claims that he did not receive a final written performance review that outlined all of the above areas needing improvement; but, he admits that he had discussed those areas with Horowitz.

Plaintiff was terminated in November of 2001. Defendants argue that Plaintiff was terminated due to his failure to increase revenue generation or improve in the areas identified in his earlier performance report. Shortly thereafter, Plaintiff initiated his E.E.O.C. complaint in which he alleged religious discrimination and retaliation. After the E.E.O.C. dismissed the charges for lack of evidence, noting the contents of Plaintiff's affidavit prepared for the Flees case, as well as the fact that ten of the twelve News management employees were not Jewish, Plaintiff instituted this action in district court alleging that he was fired because of religious discrimination and retaliation for his role in covering up religious discrimination against Flees in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e to 2000e-3. The district court granted Defendants summary judgment on all claims, and this appeal followed.

**ANALYSIS**

This court reviews a grant of summary judgment *de novo*. *Adams v. City of Auburn Hills*, 336 F.3d 515, 518 (6th Cir. 2003). For the purposes of this appeal, we construe the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in his favor. *Aiken v. City of Memphis*, 190 F.3d 753, 755 (6th Cir. 1999) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)). Granting summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

3

The district court determined that Plaintiff's claim for religious discrimination failed on several grounds. First, under the burden shifting paradigm of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), the district court determined that he failed to establish a prima facie case of religious discrimination because he could not point to any similarly situated employees that Defendants treated differently because of their religion. Plaintiff does not contend that he was replaced by a person from outside the protected class. Additionally, the district court held that Defendants were entitled to summary judgment on the religious discrimination claim because Plaintiff could not point to any evidence that Defendants' proffered reasons for firing him, namely his poor management and his failure to adhere to the 2001 budget were pretextual. Finally, the district court, relying on *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 573-74 (6th Cir. 2003) (en banc), held that the fact that Plaintiff was hired and fired by the same person over a short period of time was strong evidence of a lack of discrimination.

Plaintiff argues that the district court should not have granted Defendants summary judgment due to the lack of a similarly situated employee treated better than him. Plaintiff points to the Jewish manager of the News' sister paper in Atlanta, who, Plaintiff claims, was not terminated despite that newspaper having underperformed the News under Plaintiff. Plaintiff, however, offers scant evidence of this comparison. He can only point to his opinion in his deposition (a total of four or five lines of text) that the Jewish editor of the sister paper in Atlanta was treated better despite his alleged poorer performance. *See* J.A. at 136, 160-61. Such scant evidence is not enough to avoid summary judgment, because such a brief unsupported opinion does not, by itself, establish a prima facie case. *See Hunter v. Caliber Sys.*, 220 F.3d 702, 709 (6th Cir. 2000) ("When faced with a motion for summary judgment, the non-moving party must

4

present more than a mere scintilla of evidence in order to avoid summary judgment."); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990). *Cf. Zettle v. Handy Mfg. Co.*, 998 F.2d 358, 360-61 (6th Cir. 1993). Plaintiffs other arguments on the religious discrimination claim are similarly unavailing. We agree with the district court's reasoning and adopt it as our own. Defendants are entitled to summary judgment on the religious discrimination claim.

After discussing the standard for proving a retaliation claim as established by this court in *Abbott v. Crown Motor Co.*, 348 F.3d 537 (6th Cir. 2003), the district court held that Defendants warranted summary judgment on several grounds. First, the district court noted that Plaintiff could not prove that he was penalized for engaging in protected activity under Title VII. Plaintiff claims that his open reluctance to sign an affidavit for Flees' E.E.O.C. investigation on behalf of his employer constitutes protected activity. Plaintiff signed an affidavit on behalf of the News, not on behalf of Flees; thus, Plaintiff did not engage in conduct adverse to his employer. This fact alone, makes his claim that he engaged in protected activity dubious.

Assuming it was protected activity, however, Plaintiff's claim still fails, because as the district court noted, Plaintiff did not provide any evidence that Horowitz had knowledge of Plaintiff's reluctance to sign the affidavit. This fact was important because Horowitz terminated Plaintiff. As a result, because Horowitz lacked knowledge about Plaintiff's reluctance to sign the affidavit, and given that such knowledge would be a prerequisite to a finding of retaliation, the district court held that Defendants were entitled to summary judgment.

Finally, the district court held that Plaintiff had failed to establish evidence of a causal connection between his firing and any protected activity. The district court focused on the fact that undisputed evidence indicated that Horowitz's decision to terminate Plaintiff occurred

5

before Plaintiff's receipt of the proposed affidavit. We find no error in the district court's conclusions.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

**Karen Nelson Moore, Circuit Judge.** Concurs in the judgment only.