**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0709n.06
Filed: November 18, 2008

**Case No. 07-6348**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES WHITEHEAD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| NEIL BOWEN, | ) | **DISTRICT OF KENTUCKY** |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE: GUY, BATCHELDER, and MCKEAGUE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff–Appellant James Whitehead ("Whitehead") appeals the district court's grant of summary judgment in favor of Defendant Pioneer Valley Police Officer Neil Bowen ("Bowen") in this action brought under 42 U.S.C. § 1983 and state law seeking damages for Bowen's alleged use of excessive force in the course of an arrest. Whitehead appeals as well the court's denial of his Rule 59(e) Motion to Alter, Amend or Vacate that decision. For the following reasons, we AFFIRM the judgment of the district court.

**I. BACKGROUND**

At 8:40 AM on March 17, 2005, an officer of the Pioneer Valley Police Department stopped the vehicle in which Whitehead was a passenger. Upon discovering that there were outstanding warrants for Whitehead, the officer arrested him. During the course of the arrest, Whitehead suffered

a broken wrist.

On March 17, 2006, Whitehead filed this § 1983 action, naming Officer Bowen as the sole defendant. Whitehead claimed that Bowen had been the officer who "detained, seized and arrested Whitehead," and that "[d]uring this detention, seizure, charge, and arrest, Bowen, used excessive force, breaking Whitehead's wrist, causing Whitehead to sustain physical pain and injury." Bowen timely filed an answer to the complaint, specifically denying these allegations and stating, among other things, that he "had no contact with nor did he detain Plaintiff on the date that is the subject of Plaintiff's Complaint." Bowen commenced document discovery in April of 2006, but the docket reflects no discovery undertaken by Whitehead; indeed, the docket reflects no other activity in the case until the parties held planning and scheduling conferences in late November and mid-December of that year. Whitehead submitted his initial disclosures on December 29, 2006, and Bowen submitted his on January 9, 2007. Notably, Bowen's disclosure specified that he would defend on the basis that he was not the individual who arrested the plaintiff.

On January 12, 2007, some ten months after Whitehead initiated this lawsuit, Bowen moved for summary judgment, arguing that he was not the officer who arrested Whitehead; that at 9:15 AM on the morning in question he had in fact been in court testifying in an unrelated matter, *Commonwealth of Kentucky v. Vance C. Green*; and that the arresting officer was Dale Elliot, Chief of the Pioneer Village Police Department. Bowen supported his motion with his own signed affidavit stating, among other things, that he was "not the police officer who arrested Mr. Whitehead on March 17, 2005, as alleged in his Complaint"; a copy of the subpoena for his appearance to testify

in the *Green* case; and a docket sheet showing that he had testified in the *Green* case.[1] Bowen also provided the citation that had been issued to Whitehead on the morning of March 17, 2005, and Whitehead's jail record from that date, each of which shows Chief Elliot as the arresting officer. Whitehead, on the other hand, submitted no affidavit or other evidence in response to Bowen's motion for summary judgment.

The district court granted summary judgment to Bowen on April 5, 2007, finding that Bowen had set out detailed facts demonstrating "that he was not the arresting officer . . . [and] uncontradicted proof that he was somewhere entirely different at the time of the incident," and that Whitehead had failed to provide sufficient evidence to withstand summary judgment. The court noted that "'[a] plaintiff may not, in defending against a motion for summary judgment, rest on the mere allegations or denials of his pleadings,'" *Whitehead v. Bowen*, 2007 U.S. Dist. LEXIS 25468 at *3 (W.D. Ky. Apr. 4, 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986)), and that Whitehead had provided no evidence that Bowen had any personal or supervisory role in the alleged deprivation of Whitehead's constitutional right to be free from the use of excessive force, and therefore, no genuine issue of material fact existed under his §1983 or state law claims, *Whitehead*, 2007 U.S. Dist. LEXIS 25468 at *1-5.

On April 23, 2007, pursuant to Fed. R. Civ. P. 59(e), Whitehead filed a Motion to Alter, Amend or Vacate the court's summary judgment order. Whitehead claimed that at the time Bowen filed for summary judgment Whitehead had not had the opportunity to conduct any discovery and thus could not present evidence contradicting Bowen's assertion that he was not the arresting officer.

---

[1]On the docket sheet, Bowen's name is misspelled as "Bolin," but Whitehead does not contend that Bowen did not testify in the *Green* case at the time specified in the subpoena.

3

Whitehead tendered with the motion an affidavit stating that, during the traffic stop, he was asked to exit the vehicle by an officer with a nameplate bearing the name "Bowen," and that during his "detention, seizure, charge and arrest" this officer used excessive force, breaking Whitehead's wrist. Whitehead argued that this "direct evidence" showed that a genuine issue of material fact existed, and therefore, the Court should grant his Rule 59(e) motion.

On October 3, 2007, the district court denied Whitehead's Rule 59 (e) motion. *Whitehead v. Bowen*, 2007 U.S. Dist. LEXIS 74875 (W.D. Ky. Oct. 2, 2007). The court found insufficient and untimely Whitehead's post-judgment affidavit, and unpersuasive his claim that summary judgment had been prematurely entered. The court noted that Whitehead had commenced the action ten months prior to Bowen's motion for summary judgment, but had offered no explanation as to why he had failed to undertake any discovery or what specific facts he might have discovered that would create genuine issues for trial.

On November 2, 2007, Whitehead appealed both the District Court's Order Granting Bowen's Motion for Summary Judgment and the subsequent Order Denying Whitehead's Motion to Amend Alter or Vacate.[2]

## II. STANDARD OF REVIEW

[2]Under Rule 4(1)(A) of the Federal Rules of Appellate Procedure, Whitehead was required to file his appeal within thirty days from the entry of judgment. The district court granted Defendant Bowen's Motion for Summary Judgment on April 5, 2007, and Whitehead did not appeal that decision until November 2, 2007 — well beyond the thirty-day time limit. While a properly filed motion under Rule 59(e) will toll the period for filing a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(iv), Whitehead did not file his Motion to Alter, Amend, or Vacate under Rule 59(e) within ten days of the order granting summary judgment as required by Rule 59(e). The record indicates that he requested an extension of time to file the motion, but the magistrate did not rule on that motion and ultimately found it moot. At any rate, we previously have held that the time limit for filing under Rule 59(e) is an affirmative defense to an untimely motion; the party opposing the motion must raise the affirmative defense before the court resolves the motion on its merits or the defense will be forfeited, and the untimely motion will still serve to toll the period for filing a notice of appeal. *See Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007). Because Bowen did not argue below that Whitehead's 59(e) Motion was untimely, we have the authority to entertain his appeal of the magistrate's order granting the motion for summary judgment. *See id.*

4

We review de novo a district court's decision granting summary judgment. *Smith Wholesale Co., Inc., v. R.J. Reynolds Tobacco, Inc.*, 477 F.3d 854, 861 (6th Cir. 2007) (citing *Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006)). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). We must view the evidence in the light most favorable to the nonmoving party. *Matshushita Elec. Insus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 589 (1986).

To withstand summary judgment, the nonmovant must present sufficient evidence to create a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252. A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 248.

"We typically review the denial of a motion to reconsider using the 'abuse of discretion' standard, 'but where reconsideration of summary judgment was sought, . . . a de novo review' is appropriate." *Sommers v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (citing *United States v. $515, 060.42*, 152 F.3d 491, 497 (6th Cir. 1998)). A district court may grant a Rule 59(e) motion if there exists a clear error of law, newly discovered evidence, or an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### III. ANALYSIS

**A. Summary judgment.**

In his unverified complaint, Whitehead alleged that Bowen "detained, seized, and arrested" him, and in that process, Bowen injured him. With his motion for summary judgment, Bowen filed an affidavit stating that he was "not the officer that arrested Mr. James Whitehead on March 17, 2005, as alleged in his Complaint," and further, that at 9:15 AM on the morning in question he was actually in court, testifying in an unrelated matter. Bowen corroborated these sworn statements by attaching to his affidavit Whitehead's arrest and jail records, which clearly establish that the arresting officer was the Chief of Police, not Officer Bowen, and the docket sheet from Bullitt District Court showing that Bowen did in fact testify the morning of March 17. With these submissions, Bowen provided affidavit documentation sufficient to rebut the claims made in Whitehead's complaint, thereby shifting the burden to Whitehead to show that there remained a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 322.

To meet this burden, Whitehead could "not rely merely on allegations or denials in [his] own pleadings; rather, [his] response must — by affidavits or as otherwise provided in [Rule 56] — set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56 (e)(2); *see also Anderson*, 477 U.S. at 259 (nonmovant "may not . . . rest on mere allegations or denials of his pleadings"); *Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998) (nonmovant "must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial"). Despite the clear requirements of Rule 56 and the case law, Whitehead's response to Bowen's motion for summary judgment — as the district court correctly observed — "relie[d] solely on the allegations in the complaint that [Bowen] detained, seized and arrested [Whitehead] on March 17, 2005, and is responsible for the events alleged in the complaint." *Whitehead*, 2007 U.S. Dist. LEXIS 25468 at *2. Whitehead argued that his complaint, by itself, created a genuine issue of

6

material fact, and he did not support the allegations made in his complaint with affidavits or any other evidence sufficient under Rule 56 to withstand a motion for summary judgment. *Id.* In short, the record before the district court provided no evidence sufficient to demonstrate any genuine issue of material fact.

On appeal, Whitehead again argues that he was arrested and injured by Bowen. But now, for the first time, Whitehead argues that there were two officers on the scene — the Chief and Bowen — and while the Chief may have been the arresting officer for records' purposes, Bowen assisted the Chief in making the arrest and injured Whitehead while doing so. Furthermore, Whitehead argues, he was arrested at 8:40 AM, so Bowen could have participated in his arrest prior to appearing in court to testify at 9:15 AM. Whitehead argues that summary judgment was not proper because Bowen's affidavit and other documentation do not conclusively prove that this version of events is incorrect. Essentially, Whitehead argues that because Bowen's appellate brief does not *specifically* deny Whitehead's new version of events, but instead focuses on the facts and arguments before the district court at the time summary judgment was entered, this court should draw the inferences that Whitehead contends are "warranted."

Had Whitehead presented this new version of events to the district court in affidavit or otherwise proper form, he might well have survived Bowen's motion for summary judgment. But this version of the facts was *never* presented to the district court, let alone in proper form. Nothing in the record before the district court ever hinted at the "fact" on which Whitehead's brief on appeal now relies — that there were two officers at the scene. We will not reverse a grant of summary judgment on the strength of a negative inference from Bowen's affidavit and "facts" not on the record before the district court, even if Bowen does not specifically deny them in his appellate brief.

Nor are we persuaded by Whitehead's argument that the district court prematurely granted Bowen's Motion for Summary Judgment. To be sure, prior to entry of summary judgment, the parties must ordinarily be afforded adequate time for discovery. *Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Vaughn v. U.S. Small Business Admin.*, 65 F.3d 1322, 1325 n.1 (6th Cir. 1995) (citations omitted). However, as we have previously stated,

> in order to preserve the argument that the grant of summary judgment was too hasty and precluded necessary discovery, the appellant must have complied with the strictures of [FED. R. CIV. P. 56(f)], under which the district court may defer summary judgment, pending discovery, if the non-movant submits affidavits stating that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.

*Plott*, 71 F.3d at 1196 (internal quotations omitted). "In other words, if the appellant has not filed either a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery." *Id*. (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990)).

Whitehead made no effort to comply with Rule 56(f). Instead, he simply complained in his Memorandum in Response to Bowen's Motion for Summary Judgment that he was "at least entitled to depose Officer Bowen to determine his whereabouts that morning, to depose individuals who were also present at Plaintiff's arrest and to conduct discovery to determine whether Officer Bowen was on his way to Bullitt District Court when he arrested the Plaintiff." It is worth noting that even in his description of the discovery he was "entitled" to pursue, Whitehead gave no hint at the "fact" that he proffers on appeal, namely, that Bowen was not the only officer on the scene when Whitehead was arrested. More importantly, counsel's argument is not a substitute for the affidavit required by Rule 56(f), and in any event, Bowen did not move for summary judgment until ten months after

8

Whitehead filed this action. During that time Whitehead had ample opportunity to begin discovery; indeed, Bowen's timely filed Answer put Whitehead on notice that Bowen denied that he was the officer who arrested and injured Whitehead, and the record reflects no impediment whatsoever to Whitehead's undertaking the necessary discovery prior to the filing of the summary judgment motion. He failed to do so at his own peril.

We find no error in the district court's entering summary judgment in favor of Bowen.

## B. Whitehead's Rule 59(e) Motion

Whitehead contends that the district court erred in concluding that he had failed to create a genuine issue of material fact. According to Whitehead, both his unsworn allegations in the complaint — which he says were "direct evidence" that the district court was bound to accept as true for purposes of the summary judgment motion — and his post-judgment affidavit detailing how Officer Bowen had detained, seized, and arrested him were sufficient to create that factual issue, and required that the district court vacate the order granting summary judgment. We disagree.

A motion under Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence. *Sault Ste Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("a motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence"). Even if Whitehead's affidavit were sufficient to create a genuine issue of material fact, it merely set forth his own account of the events surrounding his arrest, and was, at best, newly *submitted* evidence, not newly *discovered* evidence. And Whitehead's insistence that his unsworn allegations in the complaint were "direct evidence" that the district court

9

was bound to accept as true for purposes of the summary judgment motion is entirely without legal support. Therefore, we find no error in the district court's refusing to vacate its earlier grant of summary judgment.

## C. Leave to Amend

Whitehead also claims that if Bowen was not the officer who arrested and injured him, then Whitehead was entitled to amend his complaint to name the correct officer. However, Whitehead never attempted to amend his complaint in the district court, and we decline to consider the issue for the first time on appeal.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.